**F. J. BUCKNER CORPORATION, dba United Engineering Company, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 21786.

United States Court of Appeals Ninth Circuit.

Oct. 1, 1968.

Certiorari Denied Feb. 24, 1969.

See 89 S.Ct. 868.

David A. Maddux, Thomas C. Waterman, of Sheppard, Mullin, Richter & Hampton, Los Angeles, Cal., for appellant.

Arnold Ordman, General Counsel, D. L. Manoli, Associate Gen. Counsel, Ralph E. Kennedy, Regional Director, N.L.R.B., Solomon I. Hirsch, Alan D. Eisenberg, Attys., Marcel Mallet-Prevost, Asst. Gen. Counsel, Washington, D. C., for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and STEPHENS, District Judge.

STEPHENS, District Judge:

This is an action pursuant to 29 U.S.C. § 160(f) to obtain a review of a final order of the National Labor Relations Board and a cross-petition by the Board pursuant to 29 U.S.C. § 160(e) for enforcement of the same order.

Petitioner, F. J. Buckner Corporation, which does business as United Engineering Company (hereinafter referred to as "United"), employs about 200 persons who perform maintenance service for oil and chemical companies. One Stanley Szczesniak was employed by United from May, 1956, to March 20, 1965. During this period Szczesniak also held several positions in the Oil, Chemical, Atomic Workers International Union, to wit, steward, unit chairman, chairman of the negotiating committee and member of the policy board. The Union had a contract with United.

In his position as unit chairman, it was Szczesniak's duty to supervise and conduct meetings, assist the union members and stewards in the interpretation and application of their contract with United, and to see that all the provisions of the contract were followed.

While United was negotiating a new contract with the above mentioned Union in January and February of 1965, Buckner, the president of United, accused Szczesniak of soliciting grievances during working hours and on his own time at the homes of United's employees. In an "affidavit" admitted before the Trial Examiner, Buckner said he was "fed up" with this activity, intended to put a stop to it, and insisted that Szczesniak stop harassing the company with grievances. [See discussion regarding admitting of "affidavit" infra.]

On March 3, 1965, the Union and United reached an agreement which provided, inter alia, that all grievances should be submitted in writing. On March 19, 1965, Buckner, having decided to discharge Szczesniak, called the Union's International Representative Mr. Thornberry, who allegedly agreed that there was just cause for such a discharge.

Szczesniak was discharged on March 20, 1965, for the following reasons:

1. Excessive absenteeism.[1]

2. Soliciting unfounded grievances from employees during working hours and at their homes.

3. Presenting grievances "orally" in violation of the March 3 agreement.

Szczesniak filed a written grievance alleging the discharge was unjustified and in violation of the contract between the Union and United. The grievance was resolved in favor of United at the second step of a grievance procedure which provided that after a written grievance was filed and a written answer given by the company, the Union and a three-man workmen's committee should meet with the company in an effort to resolve the dispute. At the meeting held pursuant to the above procedure, only two of the three-man workmen's committee were present, one of the two members of the workmen's committee who was present never saw the grievance, the Union representative was not present, and Szczesniak was neither notified of the meeting nor did he appear.

Subsequently, the Union representative, Mr. Walker, spoke to Buckner and was told by Buckner that Szczesniak had been discharged because of absences and because he had been agitating the employees on the job and going to the employees' homes and soliciting grievances. Mr. Walker had previously explained to Buckner that calling at the employees' homes was a common procedure, especially when employees are working different shifts in that that might be the only time employees and a Union representative could discuss their problems.

Walker told Buckner that the Union wanted to submit Szczesniak's discharge to arbitration [step four of the grievance procedure], but Buckner refused. The Union did not seek to compel the company to submit the matter to arbitration, but rather filed unfair labor practice charges against United on September 15, 1965, alleging violations of §§ 8(a) (1) and 8(a) (3) of the N.L.R.A., 29 U.S.C. § 158(a) (1) and (3).

The Trial Examiner found that Szczesniak's discharge was motivated by excessive absenteeism and filing oral grievances prior to March 3, 1965. However, it was also found that the discharge was in part motivated by solicitation of grievances by Szczesniak on his own time at the employees' homes and on the job. In this regard, the Trial Examiner stated:

"As an employee and shop steward, Szczesniak had the right under Section 7 of the Act, to inquire of fellow employees on his and their own time, if they knew of any violations of the contract or had any grievances, even if such conduct be described as soliciting grievances. Szczesniak's attempts on his own and employees' time to implement the contract were but an extension of the concerted activities giving rise to the contract. Szczesniak's solicitation of grievances was part of the manner in which he performed his duties as a Union shop steward. By discharging Szczesniak for soliciting grievances at the homes of employees Respondent interferred with, restrained and coerced Szczesniak in his exercise of rights guaranteed to him by Section 7 of the Act."

Citing Market Basket and Food, Drug & Beverage Warehouseman and Clerical Employees, 144 C.C.H. N.L.R.B. ¶ 12,690 (1963), 144 Decisions and Orders of The N.L.R.B. 1462 (1963). See also Shattuck Denn Mining Corp. v. N.L.R.B., 362 F.2d 466 at 470 (9th Cir., 1966); Socony Mobil Oil Co., Inc. v. N.L.R.B., 357 F.2d 622 at 663 (2nd Cir., 1966).

On February 23, 1967, the Board affirmed the Trial Examiner and ordered United to take the action recommended by the Trial Examiner, to wit, immediate reinstatement with any loss of earnings and without prejudice to his seniority.

---

1. The record indicates that Szczesniak was frequently absent from work and did not report in or otherwise notify the company as required by a long-standing company policy.

Petitioner Buckner Corporation alleges "[i]t was error for the Board and the Trial Examiner not to defer to the decision of the grievance committee and to conclude that the Board was not deprived of jurisdiction by such decision." Petitioner relies on Spielberg Mfg. Co., 112 Decisions and Orders of The N.L.R.B. 1080 (1955), wherein a complaint was dismissed and the Board recognized an arbitrator's award where the arbitration proceedings appeared to have been fair and regular, all the parties had agreed to be bound, and the decision of the arbitration panel was not clearly repugnant to the purposes and policies of the Act.

■ It is clear, as petitioner points out, that the applicability of Spielberg is not limited solely to arbitration proceedings, for in Modern Motor Express, 149 C.C.H. N.L.R.B. ¶ 13,632 (1964), 149 Decisions and Orders of The N.L.R.B. 1507 (1964), the Board was satisfied that the procedure and award of a local grievance committee satisfied the *Spielberg* arbitration criteria. However, the proceedings held pursuant to step two of the grievance procedure did not meet the same criteria. The absence of one of the members of the workmen's committee who was required to be present, the failure of one of the workmen's committee who was present to examine the Szczesniak grievance, and the absence of the Union representative indicate a lack of regularity. The failure to notify Szczesniak of the meeting, indicates a lack of fairness.

■ There can be no doubt that the Board is empowered to prevent any person from engaging in any unfair labor practice, and this power is not affected by any other means of adjustment or prevention that has been or may be established by agreement or otherwise. 29 U.S.C. § 160(a). Accordingly, it was not error for the Trial Examiner and the Board to refuse to defer to the decision of the grievance committee.

Petitioner alleges that "[i]t was error for the Board and the Trial Examiner to admit into evidence and to consider the affidavit of Buckner in reaching their decision and that petitioner herein was guilty of violations of 8(a) (1) and 8(a) (3), N.L.R.A.," and that "[i]t was error for the Board to conclude that the principles of Escobedo v. [State of] Illinois, 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977] (1964) and following cases were inapplicable to this proceeding." These alleged errors are based upon the following incident. After Szczesniak's discharge, William F. Spannier, a field attorney and agent of the Regional Office of the N.L.R.B., met with Buckner. The agent said that he didn't think there was any problem but that he was merely getting information so that when the matter was referred to Washington there "wouldn't be a kickback on the Local Board and that they would have sufficient grounds to deny the complaint." The agent told Buckner that he had talked to the Union and the stewards and "as far as he was concerned, there was no * * * legitimate reason for filing an unfair labor practice charge." Buckner responded to questions as to why Szczesniak had been discharged. Buckner's responses were taken down in longhand and later typed by the agent and signed by Buckner. The Trial Examiner admitted this "affidavit" into evidence and considered its contents in his decision that petitioner was guilty of unfair labor practices.

■ Petitioner contends that the agent made false and misleading statements to Buckner which resulted in Buckner's making inculpatory statements. It is argued that this procedure violated Buckner's privilege against self-incrimination in that he was not warned of his constitutional rights as required by Escobedo v. State of Illinois and Miranda v. State of Arizona.

"The privilege [against self-incrimination] can be claimed in any proceeding, be it criminal or civil, administrative or judicial, investigatory or adjudicatory. * * * it protects any disclosures which the witness may reasonably apprehend could be used in a criminal prosecution or which could

lead to other evidence that might be so used." In re Gault, 387 U.S. 1 at 47, 87 S.Ct. 1428 at 1454, 18 L.Ed.2d 527 (1967); Murphy v. Waterfront Commission, 378 U.S. 52 at 94, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964).

In an effort to secure a person's privilege against self-incrimination, prosecutors are required to demonstrate that certain procedural safeguards were used before the statements of a defendant may be used against him. Critical among these procedural safeguards is a warning that the defendant has the right to an attorney. A defendant has this right at every stage of a proceeding against him [Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932)], and it does not depend upon a request [Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); People v. Dorado, 62 Cal.2d 338, 42 Cal.Rptr. 169, 398 P.2d 361 (1965)].

However, the point at which this warning must be given has been the subject of much controversy. In Escobedo v. State of Illinois, 378 U.S. 478 at 490, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), it was held that this point is reached when an investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect. In Miranda v. State of Arizona, 384 U.S. 436 at 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), it was held that this point was reached when law enforcement officers initiated questioning after a person had been taken into custody or otherwise deprived of his freedom of action in any significant way.

Petitioner herein argues that since Buckner could at some time in the future become the subject of a criminal proceeding based upon matters involved in the instant case, statements made in the absence of a Miranda warning should have been excluded from consideration by the Trial Examiner. An extension of the *Miranda* doctrine to situations where there is no criminal charge under investigation and where a statement is given by a person who has been in no way deprived of his freedom would be wholly unwarranted.

■ Lastly, petitioner alleges "[i]t was error for the Board to conclude that failure to return documents to petitioner herein did not require dismissal of the complaint." Petitioner alleges that Buckner delivered to Mr. Goode, an agent for the Board, a folder containing numerous written grievances. These grievances were written by Szczesniak and on each separate document was a note written by United's timekeeper and manager, Mr. Loy. These notes explained the disposition of each of the grievances. They were not returned. United argues that "since one of the key issues in the case and one which the Trial Examiner found adversely to respondent [United] was whether Szczesniak filed verbal grievances after the execution of the current collective bargaining agreement, these documents were highly relevant and material to respondent's defense of the case."

Petitioner maintains that "[t]o allow the General Counsel to deprive a respondent of documents which would materially aid in the preparation of his defense and likely would change the Trial Examiner's decision creates an intolerable situation." The argument is without merit. When Mr. Buckner testified before the Trial Examiner, Buckner himself described the writings given to Mr. Goode as "grievances." The documents, therefore, would not be material to an issue of whether oral grievances were filed and clearly would not likely change the Trial Examiner's decision that Szczesniak filed no oral grievances after March 3, 1965. Even if these documents would have had an effect on the Trial Examiner's decision on the issue of oral grievances, the decision that Szczesniak was discharged for protected activity would remain.

For the foregoing reasons, the petition for review is denied and it is ordered that the Board's order of February 23, 1967 be enforced.