**MORRISON–KNUDSEN CO., Inc.,**
**Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 23493.**

United States Court of Appeals
Ninth Circuit.

Sept. 10, 1969.

Arthur J. Schlanger (argued), Boise, Idaho, for petitioner.

Herman Levy (argued), Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Solomon I. Hirsh, Charles R. Both, Washington, D. C., for respondent.

Hugh Hafer and John E. Rinehart, Jr., of Bassett, Donaldson & Hafer, Seattle, Wash., for intervenor.

Before CHAMBERS and KOELSCH, Circuit Judges, and POWELL, District Judge*

PER CURIAM:

Morrison-Knudsen Company was engaged in heavy construction on a bridge over the Snake River. There were 16 pile drivers, members of the Pile Drivers Local Union No. 2382 on the job. At several safety meetings they discussed danger to them from a defective brake on an air tugger used to lift heavy loads over the area where they worked. On January 29, 1968 two of the pile drivers were standing clear of an overhead load

* Honorable Charles L. Powell, United States District Judge, Eastern District of Washington, sitting by designation.

of steel that was being raised by the tugger. They were criticized by Project Superintendent Dawson for not working under the load.

The Union Business Representative called at the job the next day to discuss the members' grievances. He could not locate Dawson so asked permission of Foreman Clary to hold a brief safety meeting with the pile drivers. Permission was granted with the understanding the men's pay would be docked for the time spent at the meeting.

The meeting was held and when the men were preparing to return to work Dawson appeared. After a brief discussion he discharged the 16 pile drivers. They were not rehired.

The N.L.R.B. examiner found the conduct of Morrison-Knudsen was a violation of Section 8(a) (1) of the Act. (29 U.S.C. § 158(a) (1)). The Board's order requires the Company to cease and desist from the unfair labor practice and to offer reinstatement to the 16 employees. Petitioner, Morrison-Knudsen, asks that the order be reviewed and set aside. The Board asks that the order be enforced.

Petitioner claims that the meeting was a strike and work stoppage entitling Dawson to discharge the 16 employees. From the record there is evidence to sustain the Board's conclusion that Clary had authority to permit the meeting.

■ The order of the Board is supported by substantial evidence. The request to set aside the order is denied and the order will be enforced.

■■ Petitioner argues that the N.L.R.B. should have withheld its authority to adjudicate the alleged unfair labor practice until grievance procedures were exhausted. The collective agreement of the parties contains a conventional grievance-arbitration provision. After informal negotiations failed to produce an accord, petitioner wrote to the Union requesting arbitration procedures be initiated. On advice of counsel the Union decided not to take the dispute to the grievance process, but to use the N.L.R.B. Neither petitioner nor the Union took any steps thereafter to proceed to arbitration.

The trial examiner was correct in ruling that the Board is empowered to prevent unfair labor practices notwithstanding other means of adjustment established by agreement of the parties. 29 U.S.C. § 160(a); F. J. Buckner Corporation v. N.L.R.B., 401 F.2d 910, 913 (9th Cir. 1968), cert. den., 393 U.S. 1084, 89 S.Ct. 868, 21 L.Ed.2d 777 (1969). As stated by the Supreme Court in N.L.R.B. v. Strong, 393 U.S. 357, 361, 89 S.Ct. 541, 21 L.Ed.2d 546 (1969), " * * * the Board may proscribe conduct which is an unfair labor practice even though it is also a breach of contract remediable as such by arbitration and in the courts. Smith v. Evening News Assn., 371 U.S. 195, 197–198, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962)."

The petition for review is denied and it is ordered that the Board's order of September 27, 1968 be enforced.

POWELL, District Judge (concurring specially):

I would remand this case to the Board with direction to require arbitration. Industrial peace if attainable should come through settled policy of arbitration of all disputes such as this. But the law permits the Board to disregard the contract provisions. I agree with the dissent in N.L.R.B. v. Strong, 393 U.S. 357, 364, 89 S.Ct. 541, 21 L.Ed.2d 546 (1969).

"Arbitration is not a process which the Board is either equipped or qualified to follow. Those who are arbiters have special qualifications in a particular industry and come to know the common law of the shop (footnotes omitted).
The jurisdiction of any agency or branch of government has a built-in impetus for growth and expansion. Seldom does a department restrict its powers narrowly and assume a self-denying attitude. The tendency is to construe express powers broadly. The organism grows by subtle and little-

noticed extensions of authority. To students of government this phenomenon is as predictable as the operation of other so-called 'laws.' [4]

4. C. N. Parkinson, Parkinson's Law (1957)."