## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## PACIFIC COAST UTILITIES SERVICE, INC., Respondent,

**and**

**Industrial, Technical & Professional Employees Division, National Maritime Union of America, AFL–CIO, Respondent.**

No. 78–3677.

United States Court of Appeals, Ninth Circuit.

April 14, 1980.

Corinna L. Metcalf, NLRB, Washington, D. C., argued, for petitioner; Elliott Moore, Deputy Assoc. Gen. Counsel, NLRB, Washington, D. C., on brief.

Lawrence Drasin, San Francisco, Cal., for respondents; William A. Polkinghorn, Jr., Webster, Jeppson & Jones, Los Angeles, Cal., Gartland & Tilly, San Francisco, Cal., on brief.

Before BROWNING, KENNEDY and SKOPIL, Circuit Judges.

PER CURIAM:

There is substantial evidence in the record to support the finding of the Board that the company's discharge of Barone was in violation of section 8(a)(1) and (3) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) & (3) (1976). Barone's action as shop steward in advising the employees not to sign warning slips presented by the foreman of another company until Barone could discuss the matter with his supervisor was protected union activity. *F. J. Buckner Corp. v. NLRB*, 401 F.2d 910 (9th Cir. 1968), *cert. denied*, 393 U.S. 1084, 89 S.Ct. 868, 21 L.Ed.2d 777 (1969); *NLRB v. Ferguson*, 257 F.2d 88 (5th Cir. 1958). *See also NLRB v. Thor Power Tool Co.*, 351 F.2d 584 (7th Cir. 1965).

There was substantial evidence as well to support the finding that the union violated section 8(b)(1)(A) of the Act. The record shows that the union failed to represent Barone in a fair and impartial manner because of his support of a rival union and his insistence that union dues not be paid until health insurance coverage was provided.

It was proper for the Board to rule that the employer and the union had joint and several liability to compensate the employee for any loss of back pay. Given the determination that discharge was wrongful, it follows that the failure of the union to represent the employee was damaging to him and a contributing factor to his loss of pay. *See Newport News Shipbuilding & Dry Dock Co.*, 236 N.L.R.B. No. 197 (1978). The amount of back pay, if any, can be determined in further proceedings before the Board.

ENFORCEMENT GRANTED.