(No. 43796.

*In re* TERRELL SCHWARZ, Attorney, Respondent.

*Opinion filed March 21, 1972.—Rehearing denied May 25, 1972.*

JEROME H. TORSHEN, LTD., of Chicago (JEROME H. TORSHEN and ROBERT F. BERREY, of counsel), for petitioner.

JOHN MENK, of Chicago, *amicus curiae.*

MR. JUSTICE SCHAEFER delivered the opinion of the court:

This matter is before the court upon the exceptions of

the respondent, Terrell Schwarz, to the report and recommendation of the Committee on Grievances and Board of Managers of The Chicago Bar Association, sitting as Commissioners under Rule 751. (Ill.Rev.Stat. 1969, ch. 110A, par. 751.) The report recommended that the respondent be disbarred.

The respondent testified under subpoena in a criminal prosecution against one Louis Kizas, then an associate judge of the circuit court of Cook County. Before he testified an order was entered granting him immunity. (Ill.Rev.Stat. 1969, ch. 38, par. 106.) This disciplinary proceeding is based upon the testimony that he gave at that time, the important portion of which is as follows:

"Q. And what if anything occurred at that time in the parking lot?

A. In the parking lot I engaged in some conversation with Judge Kizas to the effect of thanking him for coming out, and I shook hands with him.

Q. All right. Prior to your shaking hands with him, what if anything did you do?

A. I had folded five $10 bills into a small wad in my palm.

Q. You say your palm, the palm of which hand?

A. My right hand.

Q. And then what did you do?

A. Then I shook hands with Judge Kizas.

Q. Did you shake hands with your right hand?

A. Yes, sir.

Q. Which hand did he use to shake hands with you?

A. His right hand.

Q. All right. After you shook hands, did you withdraw your hand?

A. Yes, sir.

Q. Was anything left in your hand?

A. No, sir.

Q. What did Judge Kizas do with his right hand?

A. Put it into his pocket.

Q. Did Judge Kizas take the $50 when you had it folded in your hand?

A. I didn't hear.

Q. Did Judge Louis Kizas take the five $10 bills that you had folded in your right hand when you shook hands with him?

A. Yes, sir.

Q. And he then put that hand in his pocket?

A. Yes, sir.

Q. Now was this the first and only time that you personally ever gave Judge Kizas money after he had come out and set a judicial bond for you?

A. No, sir.

Q. Did it happen more than once before?

A. Yes, sir."

The respondent argues that this testimony was insufficient to establish that he was guilty of conduct that brought the legal profession into disrepute and to support the recommendation for disbarment. He says that the record "fails to disclose improper motive by either Kizas or Schwarz, that Schwarz ever paid Kizas to perform judicial acts, that Kizas performed any judicial act at the instance of Schwarz, that Kizas performed any judicial act improperly or that Schwarz or his clients were the beneficiaries of wrongful acts by Kizas. The evidence merely shows, without more, that on several occasions, after Kizas set judicial bond, Schwarz gave him money."

We are unable to accept this argument. Motive and intent are rarely the subject of direct testimony; they must ordinarily be inferred from conduct and from the circumstances under which that conduct took place. (See, Wigmore on Evidence, sec. 242.) The respondent's own

description of his surreptitious payments to Judge Kizas shows conduct that tends to defeat the administration of justice and to bring the courts and the legal profession into disrepute.

The respondent also contends that disciplinary action cannot be based upon the testimony which he gave at the trial of Judge Kizas because that testimony was given under a grant of immunity in accordance with article 106 of the Criminal Code. (Ill.Rev.Stat. 1969, ch. 38, art. 106.) Section 106—1 authorizes the entry of an order releasing a witness from "all liability to be prosecuted or punished on account of any testimony or other evidence he may be required to produce." And because professional discipline of a lawyer has frequently been referred to as "punishment," the respondent argues that he cannot be subjected to discipline on account of his testimony.

Section 106—2, however, makes it clear that the effect of an immunity order is limited to criminal prosecutions and criminal punishments. It provides: "Such order of immunity shall forever be a bar to prosecution against the witness for any offense shown in whole or in part by such testimony or other evidence except for perjury committed in the giving of such testimony." (Ill.Rev.Stat. 1969, ch. 38, par. 106—2.) That this is the correct interpretation of article 106 of the Code is clear from an examination of the predecessor provision, which included in a single sentence the substance of the three sections that now comprise article 106. (See Ill.Rev.Stat. 1961, ch. 38, par. 714.1.) Placing the provisions concerning the granting of immunity in one section (par. 106—1) and those concerning the effect of immunity when granted in another (par. 106—2) did not have the effect of expanding the word "punishment" to include anything beyond criminal sanctions.

It is argued, however, that unless article 106 is read to include immunity from professional discipline, the respondent's rights under the fifth amendment to the constitution of the United States will be violated. In

338

support of this contention, respondent relies heavily upon *Spevack v. Klein (1967), 385 U.S. 511, 17 L.Ed.2d 574, 87 S.Ct. 625.* He contends that the holding of that case serves in a general way to make "the privilege against self-incrimination applicable to a disbarment proceeding." In our view this interpretation is much too broad. "Answers may be compelled regardless of the privilege if there is immunity from federal and state use of the compelled testimony or its fruits in connection with a criminal prosecution against the person testifying." *(Gardner v. Broderick (1968), 392 U.S. 273, 276, 20 L.Ed.2d 1082, 1085, 88 S.Ct. 1913.)* The respondent has not been prosecuted criminally by reason of his testimony, and his fifth amendment rights have not been violated.

The report and recommendation of the commissioners is approved and the respondent is disbarred.

*Respondent disbarred.*