Mark Thanasouras, Plaintiff-Appellant, *v.* The Police Board of the City of Chicago *et al.,* Defendants-Appellees.

(No. 61281;

First District (5th Division)—October 24, 1975.

*Rehearing denied December 10, 1975.*

Paul J. Cronin, of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Ann Acker, Assistant Corporation Counsel, of counsel), for appellees.

PER CURIAM (Before Drucker, Lorenz and Sullivan, JJ.):

In this appeal, pursuant to the provisions of the Administrative Review Act, plaintiff challenges the validity of a police board order discharging him from the Chicago police force for violations of various departmental rules.

Plaintiff had been found in violation of Rule 3, "Failing to promote the Department's efforts to accomplish its goals," by deceiving the Department into thinking he had cooperated with the grand jury. He was also found to have violated Rule 13, "Making a false report," in that when asked by his commanding officer whether he refused to answer questions at a Federal grand jury inquiry relative to his conduct as a police

officer, he replied that the only question he had refused to answer was not specific to his duty as a police officer.

At the police board hearing, it was stipulated that plaintiff's commanding officer had asked him the following question concerning his testimony at the grand jury inquiry and that he had answered as follows:

"Q: Did you refuse to answer any questions relating to your conduct as a police officer of the City of Chicago?

A: The questions that I refused to answer were, I believe, not specific to my duty as a police officer, that is to me personally."

A transcript of the grand jury testimony of plaintiff revealed that he exercised his Fifth Amendment right and refused to answer all questions, including the following: "Are you presently employed by the Chicago Police Department?" and "How long have you been on the police department?"

■■ Plaintiff first objects that the grand jury questions and answers were improperly received in evidence by the police board. It appears that plaintiff and others had sued in the United States District Court to enjoin the board from proceeding against them. In that suit, an Assistant United States Attorney, without objection, read into the record the grand jury testimony of plaintiff, which included the questions and answers set forth above. Plaintiff now asserts that his "grand jury testimony was hearsay and should not have been admitted in the federal court." We note, however, that although the manner in which his testimony was received in the Federal court may have been violative of the hearsay rule, there was no objection made to his testimony being read into the record there. Thus, it became competent evidence in that proceeding. *Knight v. Chicago & North Western Ry. Co.*, 3 Ill.App.2d 502, 123 N.E.2d 128; 34 Ill. L. & Pr. *Trial* § 72 (1958).

■■ Plaintiff also contends that this testimony was improperly received by the police board as direct evidence and not for the purposes of impeachment. In this regard, we consider that the questions and answers were properly received as admissions against his interest (see *McCormick on Evidence* § 262 *et seq.* (Cleary ed. 1972); 18 Ill.L. & Pr. *Evidence* §§ 131 *et seq.* (1956)) on the issue of whether he made a false report to his commanding officer in violation of Rule 13 and thus they were admissible as direct evidence (*Woodruff v. Pennsylvania R.R. Co.*, 52 Ill.App.2d 341, 202 N.E.2d 113; *Jacks v. Woodruff*, 9 Ill.App.2d 224, 132 N.E.2d 603). In any event, it appears that substantially the same testimony was given by plaintiff before the police board in the following questions and answers concerning his grand jury testimony:

"Q: But they did ask you whether you were a Police Officer?

A: Something I recall, if I was a Police Officer or where I was

employed, something of that nature, yes. Specifics I can't relate.

Q: And you took the Fifth Amendment?

A: I took the Fifth Amendment."

This same testimony was repeated later when, under questioning by his own attorney, he admitted having been asked at the grand jury inquiry "a question basically as to your employment or whether or not you were employed as a Chicago Police Officer." Thus, the board heard competent evidence to sustain its conclusion that plaintiff had given a false report to his commanding officer, in violation of Rule 13, when in answer to a question whether he had refused to answer any questions before the grand jury relating to his conduct as a police officer, he replied that the questions he refused to answer did not relate to his duty as a police officer. The board considered this to be either a statement that he had answered all questions in that regard or that the questions did not concern his conduct as a police officer. In any event, from our review of the record, we cannot say that the board's finding that Rule 13 was violated was against the manifest weight of the evidence. See *DeGrazio v. Civil Service Com.*, 31 Ill.2d 482, 202 N.E.2d 522.

Inasmuch as adequate grounds for dismissal exist when even a single valid finding of violation is sustained (*DeGrazio; Reich v. Board of Fire & Police Commissioners*, 13 Ill.App.3d 1031, 301 N.E.2d 501), we need not discuss other contentions raised by plaintiff. We will, however, note our disagreement with the contention of plaintiff that *Confederation of Police v. Conlisk* (7th Cir. 1973), 489 F.2d 891, is controlling. There, several Chicago police officers were dismissed for violation of Department Rule 51, which prohibited the failure to give evidence before any governmental administrative body, including a grand jury. It was held that Rule 51 was constitutionally invalid "to the extent that it denied the officers the privilege against self-incrimination where criminal prosecution may follow." Here, the police board hearing was held prior to the decision in *Confederation of Police* and, although Rule 51 was one of the departmental rules considered by the police board to have been violated by plaintiff, the trial court on administrative review followed the dictates of *Confederation of Police* and found the charge under Rule 51 invalid. Nonetheless, it appears clear to us that the privilege against self-incrimination does not include the right to make a false report. (*United States v. Knox*, 396 U.S. 77, 82, 24 L.Ed.2d 275, 90 S.Ct. 363.) Since the finding of a violation of Rule 13 is valid for the reasons stated above, adequate grounds for dismissal existed (*DeGrazio; Reich*), and we affirm the judgment.

Affirmed.