DOMINICO DISTAOLA, Plaintiff-Appellee, *v.* THE DEPARTMENT OF REGISTRATION AND EDUCATION *et al.*, Defendants-Appellants.

First District (2nd Division)    No. 78-913

Opinion filed June 5, 1979.

William J. Scott, Attorney General, of Chicago (Imelda R. Terrazino, Assistant Attorney General, of counsel), for appellants.

Zemel & Shapiro, of Chicago (Lester Shapiro and Albert I. Zemel, of counsel), for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

This is an interlocutory appeal by defendants from an injunction issued by the circuit court of Cook County. (Ill. Rev. Stat. 1977, ch. 110A, par. 307.) The trial court enjoined defendants from introducing into evidence at an administrative license revocation proceeding certain admissions made by plaintiff because defendants' investigatory agents did not advise plaintiff of his rights under *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, prior to their interrogation of him. The sole issue for review is whether the trial court erred in granting the injunction.

We reverse.

On March 6, 1978, plaintiff, Dominico Distaola, filed a complaint for a temporary or permanent injunction against defendants, the Department of Registration and Education (hereinafter Department), Algis Augustine, chief regulatory officer of the Department, and Thomas Lima, an agent of

the Department. Plaintiff alleged that he had been a registered barber in the State of Illinois since January 2, 1974; that prior to April 1, 1977, he was interrogated by two investigators of the Department and then notified that he was to appear at an informal hearing to be held on April 1, 1977, to answer questions concerning alleged violations of the Illinois Barber Law (Ill. Rev. Stat. 1975, ch. 16 3/4, par. 14.46(h)), lack of good moral character, and section 14.80(i), the obtaining or attempting to obtain a certificate of registration by fraudulent misrepresentation;[1] and that plaintiff appeared at the hearing and was told he could continue to practice barbering. Plaintiff alleged further that in November 1977 he was notified again that an informal hearing would be held on November 16, 1977, to investigate alleged violations of the Illinois Barber Law and that plaintiff could offer any information pertinent to the investigation; and that thereafter a complaint was filed by defendants charging plaintiff with fraudulent misrepresentation and lack of good moral character. The complaint alleged that plaintiff knowingly and intentionally obtained a certificate as registered barber by fraudulent misrepresentation in that plaintiff made false statements in his license application, submitted false documents and admitted that he had never taken the required written examination. It was further alleged that plaintiff's conduct manifested a lack of good moral character and constituted grounds for suspension or revocation of his certificate. Plaintiff was notified that a formal hearing would be held on January 23, 1978, to determine the truth of the charges set forth in the complaint and that he had a right to be represented by counsel at the hearing. The hearing was subsequently rescheduled for March 27, 1978, but was never held. The proceeding is now pending.

In his complaint for injunctive relief, plaintiff sought to enjoin the Department from using any statements made by plaintiff to the Department's agents and investigators, in particular any statements in which plaintiff admitted he did not take the written examination. Plaintiff did not state specifically when these statements were made; however, it appears that they were made during the informal, investigatory hearings. Plaintiff alleged that he was never advised of his right to have an attorney; that he was threatened by defendant, Thomas Lima, with loss of his certificate if he did not answer questions; and that defendant Lima demanded that plaintiff surrender his barber's certificate, but plaintiff refused. Plaintiff alleged that he had no adequate remedy at law because any revocation of his certificate would be the result of a violation of his constitutional rights against self-incrimination and his rights under *Miranda*.

---

[1] The Illinois Barber Law (Ill. Rev. Stat. 1975, ch. 16 3/4, par. 14.35 *et seq.*) has been transferred to Ill. Rev. Stat. 1977, ch. 111, par. 1601 *et seq.*

On March 20, 1978, the circuit court issued an injunction and ordered that defendants were enjoined, in any hearing before the Department to suspend or revoke plaintiff's certificate, from using any statements made by plaintiff wherein he admitted that he did not take the examination for certification as a barber.

On April 4, 1978, defendants filed a motion to dismiss and vacate the injunction alleging that plaintiff had an adequate remedy under the Administrative Review Act, that plaintiff failed to exhaust his administrative remedies, and that the complaint failed to state a cause of action because the constitutional privileges found to have been violated do not apply to administrative proceedings. The court denied defendants' motion to vacate the injunction on April 28, 1978. Defendants filed this interlocutory appeal from the orders of March 20, 1978, and April 28, 1978.

Defendants contend that the trial court erred in granting the injunction because plaintiff did not establish the elements necessary for issuance of an injunction. Defendants contend that plaintiff did not establish either a legal right to *Miranda* warnings, irreparable injury, or lack of an adequate remedy at law. Defendants also contend that plaintiff was required to exhaust administrative remedies before pursuing an action in the circuit court. Plaintiff contends that a legal right to *Miranda* warnings was established and that exhaustion was not required because a constitutional right was involved.

It is well established that an injunction is an extraordinary remedy which is not granted as a matter of course but is granted only after plaintiff establishes the existence of a lawful right, irreparable harm and inadequate remedy at law. (*Baugher v. Walker* (1977), 47 Ill. App. 3d 573, 577, 362 N.E.2d 410; *Parsons v. Walker* (1975), 28 Ill. App. 3d 517, 521, 328 N.E.2d 920.) Before an injunction may issue, it must be shown that plaintiff seeks to protect a right that is certain and clearly ascertainable. (*Potter v. School Directors* (1974), 17 Ill. App. 3d 781, 783, 309 N.E.2d 58.) Equity must not assume jurisdiction to issue an injunction where the right of the claimant is doubtful. *Potter*, at 783.

The trial court found that plaintiff had a right to be advised of the *Miranda* warnings before being questioned by the Department's investigators. However, this court in *People v. Myers* (1976), 39 Ill. App. 3d 411, 415-16, 349 N.E.2d 658, *appeal denied* (1976), 63 Ill. 2d 561, held that *Miranda* warnings need not be given before interrogating a taxpayer who is not in custody, even if the investigation is oriented to potential criminal charges. The decision in *Myers* was based on *Beckwith v. United States* (1976), 425 U.S. 341, 48 L. Ed. 2d 1, 96 S. Ct. 1612, in which the Supreme Court held that *Miranda* warnings are not constitutionally necessary except in custodial interrogation or in an interrogation in which the suspect is otherwise deprived of his freedom of action in any

significant way.[2] *Myers* was subsequently followed in *People v. Hall* (1976), 40 Ill. App. 3d 332, 352 N.E.2d 334. In *Hall* the court held that an identification of defendant and information given by defendant to the Illinois Department of Revenue during the Department's investigation of alleged violations of the Retailers' Occupation Tax Act were admissible in defendant's criminal trial since *Miranda* warnings were not required.

■ It is true that in *Myers* there was no issue of coercion, whereas in the case at bar plaintiff alleged that he was threatened by investigators. However, it has been held that compelled testimony may be admitted in civil disciplinary proceedings since they do not amount to criminal prosecutions. (*In re Schwarz* (1972), 51 Ill. 2d 334, 282 N.E.2d 689, *cert. denied* (1973), 409 U.S. 1047, 35 L. Ed. 2d 281, 93 S. Ct. 959; *Douglas v. Daniels* (1978), 64 Ill. App. 3d 1022, 382 N.E.2d 90.) In *Schwarz* the court held that testimony given under a grant of immunity in a criminal prosecution was admissible in disbarment proceedings. In *Douglas* the court held that an admission, which was suppressed in a prior criminal proceeding brought against plaintiff, was admissible in the subsequent civil administrative proceeding that resulted in plaintiff's discharge as a police officer. The court stated at page 1026:

> "The constitutional guarantee against self-incrimination does not by its terms insulate a witness from every possible detriment which may result from his testimony; '[r]ather, the clause "insure[s] that a person should not be compelled, when acting as a witness in any investigation, to give testimony which might tend to show that he himself had committed a crime." [Citations.] The Supreme Court has determined that the "sole concern [of the self-incrimination clause] is, as its name indicates, with the danger to a witness forced to give testimony leading to the infliction of 'penalties affixed to criminal acts * * *.' " [Citations.]' *Childs v. McCord* (D. Md. 1976), 420 F. Supp. 428, 432, *aff'd*, *Childs v. Schultz* (4th Cir. 1977), 556 F.2d 1178. Accord, *Kastigar v. United States* (1972), 406 U.S. 441, 32 L. Ed. 2d 212, 92 S. Ct. 1653; *Ullmann v. United States* (1956), 350 U.S. 422, 100 L. Ed. 511, 76 S. Ct. 497.) When the same conduct is the subject of a civil disciplinary hearing and a criminal proceeding, the two have been viewed as distinguishable in that the former focuses upon fitness to continue in a profession rather than the criminality of specific acts. [Citation.]"

---

[2] See also *Betts v. Board of Education* (7th Cir. 1972), 466 F.2d 629, 631 n.1, in which the court stated that *Miranda* warnings are not a requisite of due process but are a condition to the admissibility in a criminal prosecution of statements obtained during custodial interrogation; and *F. J. Buckner Corp. v. National Labor Relations Board* (9th Cir. 1968), 401 F.2d 910, 914, *cert. denied* (1969), 393 U.S. 1084, in which the court refused to extend *Miranda* to situations where statements were made to agents of NLRB during the investigation of an unfair labor practice charge.

Furthermore, the court in *Douglas* held that even if the statements were suppressed on the basis that they were compelled, the suppression order "did not operate to foreclose their admissibility in an administrative proceeding which does not affix penalties for criminal conduct." *Douglas*, at 1027.

■■■ The proceedings instituted by the Department in the case at bar are similar to the proceedings in *Douglas*. A license suspension or revocation hearing is an administrative proceeding which does not affix penalties for criminal conduct. It has been held that although a license suspension or revocation may be a hardship resulting in the loss of livelihood, the action is not a criminal prosecution. (*Coles v. Department of Registration & Education* (1978), 59 Ill. App. 3d 1046, 376 N.E.2d 269; *Ranquist v. Stackler* (1977), 55 Ill. App. 3d 545, 370 N.E.2d 1198, *appeal denied* (1978), 71 Ill. 2d 601.) Under *Douglas* the statements made by plaintiff to investigators, even if compelled by threats to revoke his license, are admissible in the administrative hearing.

■■■ Plaintiff contends that administrative agencies must comply with constitutional principles. It is true that administrative proceedings must conform to the requirements of due process of law. (*Hill v. Daley* (1975), 28 Ill. App. 3d 202, 328 N.E.2d 142; *Waupoose v. Kusper* (1972), 8 Ill. App. 3d 668, 290 N.E.2d 903.) However, the essence of procedural due process is notice and an opportunity to be heard. (*Illinois Crime Investigating Com. v. Buccieri* (1967), 36 Ill. 2d 556, 561, 224 N.E.2d 236, *cert. denied* (1967), 389 U.S. 848, 19 L. Ed. 2d 117, 88 S. Ct. 75.) Due process in administrative proceedings does not require the application of all the rules and procedures which govern criminal cases. (*In re Damisch* (1967), 38 Ill. 2d 195, 230 N.E.2d 254.) Thus, based on *Myers* and *Douglas*, we find that it was not required that defendants give *Miranda* warnings to plaintiff prior to questioning him during the informal investigatory hearings. Since plaintiff did not establish the existence of a lawful right to be protected, we find that the court erred in granting the injunction. We need not reach the other arguments made by the parties because plaintiff did not meet the first requirement for issuance of an injunction.

Based on the foregoing, we reverse the order of the circuit court of Cook County.

Reversed.

STAMOS, P. J., and HARTMAN, J., concur.