(No. 65945.—■)

*In re* HENRY BYRON ROTHENBERG,
Attorney, Respondent.

*Opinion filed February 22, 1989.*

STAMOS and CALVO, JJ., took no part.
MILLER, J., specially concurring.

Naomi J. Woloshin, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

Sherman C. Magidson and John L. Sullivan, of Chicago, for respondent.

JUSTICE WARD delivered the opinion of the court:

The Administrator of the Attorney Registration and Disciplinary Commission filed a complaint charging the respondent, Henry Byron Rothenberg, with having given

a thing of value to a judicial officer in violation of Rule 7—110(a) of the Illinois Code of Professional Responsibility (107 Ill. 2d R. 7—110(a)); with engaging in conduct prejudicial to the administration of justice in violation of Rule 1—102(a)(5) of the Code (107 Ill. 2d R. 1—102(a)(5)); with engaging in actions tending to bring the court and legal profession into disrepute in violation of Supreme Court Rule 771 (107 Ill. 2d R. 771); and with failing to avoid the appearance of impropriety in violation of Canon 9 of the Code (107 Ill. 2d Canon 9). The grounds for the charges were that the respondent had made loans on seven occasions between May 1978 and March 1984 totaling $8,700 to Reginald J. Holzer, who was then a judge of the circuit court of Cook County. The loans, except for $500, were repaid. No interest was paid or charged. The panel found the amount of the loans was $8,000. During this period the respondent appeared as the attorney of record in one case being litigated before Holzer and he was appointed by Holzer in eight cases to serve as a guardian *ad litem*, to conduct an inventory and in other capacities. In seven of these cases, the hearing panel found that the respondent was awarded fees by Holzer. The total of the fees awarded appears to be $3,439.

The hearing panel found that Rothenberg was guilty of the violations charged and recommended that he be suspended from the practice of law for 18 months. The Review Board recommended that the respondent be censured. Six members of the Board made this recommendation; two members did not participate in the decision and one member of the Board recommended suspension for three months.

Rothenberg was admitted to the bar of Illinois in 1934 and has been engaged in the practice of law since that time except for a period of military service during World War II.

The respondent became acquainted with Reginald Holzer prior to the war. In about 1950 Holzer approached the respondent and told him that he was interested in joining his law firm. He did enter the firm and served as a partner for about five years. During his practice with the firm, he frequently received loans from the partnership, and when he left he was overdrawn on his partnership account. The respondent was the managing partner of the firm and was responsible for collecting what was owed by Holzer. Holzer did satisfy this obligation to the firm. Rothenberg states that after Holzer left the firm he continued to borrow from the respondent from time to time. Later Holzer became a judge and between 1978 and 1984 solicited the loans concerned here from Rothenberg. When questioned by an agent of the Federal Bureau of Investigation, the respondent confirmed that he had made the loans he was asked about and told the agent there was, in addition, a loan of $3,000 to Holzer.

The respondent testified that until he appeared before a grand jury to testify regarding Holzer he was not aware of a prohibition against a lawyer's lending money to a judge. He acknowledges though that an attorney has an obligation to be informed of the ethical standards of the profession. That there were violations of the standards of professional responsibility is clear. *In re Corboy* (1988), 124 Ill. 2d 29; *In re Heller* (1988), 126 Ill. 2d 94.

In considering the sanction to be imposed, we observe that the purposes of an attorney disciplinary proceeding are to preserve the integrity of the legal profession and to protect the public interest. Uniformity of sanctions according to the standard violated is to be striven for, but it must be recognized that each case of misconduct must be individually decided.

The respondent is 76 years of age, has Parkinson's disease and maintains a limited practice. He was commissioned a second lieutenant in the United States Army Reserve upon his graduation from the University of Illinois in 1934 and served in the Reserve to 1962, when he was retired as a full colonel. He served in the European Theatre during World War II. The respondent was a military aide to three governors of Illinois. A number of prominent persons, including a former governor, testified as character witnesses. The hearing panel found that he has an excellent reputation for honesty and professional integrity.

The Review Board in recommending censure, rather than a suspension of 18 months as the hearing panel recommended, said that the mitigating evidence included Rothenberg's age, poor health, long and unblemished career in the law, his voluntary disclosure of a $3,000 loan, his longtime relationship with Holzer and the making of loans to him beginning in the 1950s, and the Administrator's acknowledgement that there was no evidence that the loans were made in an attempt to gain Holzer's favor. The Administrator, in recommending suspension and not disbarment, refers to the respondent's "long and well respected legal career," his military service, candor with the Administrator and Federal authorities, his relationship with Holzer, his age and poor health.

It is often observed that disparity of sentences is one of the most vexing problems in the criminal justice system. It is really, however, improper disparity that gives rise to the problem. A complete uniformity of sentencing according to offense is neither possible nor desirable, for distinctions must be drawn. The offender and the circumstances in each case are different from every other case. So it is in professional discipline. In each case of professional misconduct the sanction must be tailored to the offender and the circumstances. We consider that the

situation here differs from other cases in which disbarment was ordered. Here the relationship between Holzer and the respondent antedated by many years Holzer's becoming a judge. As a young lawyer Holzer asked the respondent for employment and was admitted to his law firm. Holzer's borrowing began at that time. After leaving the firm Holzer continued to borrow from the respondent, and after he became a judge, what had become a pattern of loans by the respondent to his former law partner continued. The loans, except for $500, were repaid. This is not simply a case of loans to a judge by a lawyer with matters before the court. It should be distinguished. The violation, however, is clear.

Considering all of the evidence and the circumstances, we judge that an appropriate sanction will be one year.

*Respondent suspended.*

STAMOS and CALVO, JJ., took no part in the consideration or decision of this case.

JUSTICE MILLER, specially concurring:

I agree with the majority's conclusion that respondent's misconduct in this case warrants a one-year suspension from the practice of law. My reasons for concluding that this sanction is appropriate, however, differ from those reasons relied on by the majority, and I therefore write separately.

Preliminarily, it should be noted that respondent conceded from the beginning of the disciplinary proceedings that he violated Rule 7—110(a) by making loans to a judge from whom he accepted court appointments and awards of fees. Further, he acknowledged in this court that his misconduct deserved some measure of discipline. Thus, the only question before the court was the nature and severity of the sanction to be imposed.

While I concur with the majority that disbarment is inappropriate in this case, I do not agree with the implication in the majority opinion that advanced age and a diminishing law practice can serve to mitigate conduct which would otherwise warrant disbarment. This court recently disbarred an attorney for violating DR 7—110(A) (the predecessor to Rule 7—110(a)) who was older than respondent here and whose practice was also presumably less active than it once was. *In re Powell* (1988), 126 Ill. 2d 15.

In that case and in the other cases where we have disbarred attorneys for violating Rule 7—110(a), there was evidence that the gifts or loans had been made with the intent to curry favor or improperly influence judges who were presiding over adversarial proceedings in which the attorneys' clients had an interest in the outcome. (*Powell*, 126 Ill. 2d at 31, 32; *In re Heller* (1988), 126 Ill. 2d 94, 104-05; *In re D'Angelo* (1988), 126 Ill. 2d 45, 49-52, 56.) Although the majority states that respondent had one case pending before Holzer during the period in which the loans were made, it should be noted that there was no evidence that the loans in question were intended to influence the judge in that case. Rather the evidence showed that respondent was unaware that the case had been assigned to Holzer and that the matter was settled prior to any appearance by respondent and before any material court-related proceedings occurred. The only order entered by Holzer in the case was a dismissal for want of prosecution. Thus, while the coincidence of dishonest motives and pending litigation may not be a necessary prerequisite for disbarment under Rule 7—110(a), the absence of these factors significantly distinguishes the present case from those where disbarment has been ordered.

Respondent's misconduct here is similar in many respects to that of the attorney in *In re Ketchum* (1988),

124 Ill. 2d 50. In *Ketchum*, the evidence showed that attorney Walter Ketchum had a history of lending money to his long-time friend, Richard LeFevour, prior to LeFevour's becoming a judge. The practice of lending LeFevour money continued after LeFevour's rise to the bench, and, in a four-year period, Ketchum made loans to the judge totalling $9,300. The court noted that while neither Ketchum nor his associates had ever appeared before LeFevour in any litigation, Ketchum had nevertheless received a benefit from LeFevour in the form of numerous business referrals and through the maintenance of a relationship with the judge which could likely prove advantageous to Ketchum in the future. Finding the attorney's conduct violated DR 7—110(A), we ordered him suspended from the practice of law for two years.

Similarly, in this case, respondent had a history of lending his former law partner, Holzer, money prior to Holzer's becoming a judge. Again, the loans continued after Holzer became a judge with respondent lending $8,700 to Holzer between 1978 and 1984, while Holzer was assigned to the chancery division of the circuit court of Cook County. During the same period, respondent received a benefit from Holzer in the form of eight court appointments which resulted in the award of $3,439 in fees.

Three factors which aggravated the attorney's conduct in *Ketchum* are absent in this case, and therefore, I believe a less severe sanction is warranted here. First, in *Ketchum*, the court found that in addition to receiving actual benefits from the loans in question, the loans were made with the intention of receiving those benefits. (*Ketchum*, 124 Ill. 2d at 58.) Although "[motive and intent] must ordinarily be inferred from conduct and from the circumstances under which that conduct took place" (*In re Schwarz* (1972), 51 Ill. 2d 334, 336), the record in

this case provides insufficient evidence that the loans were accompanied by any intent to benefit from the loans to Holzer. Second, in *Ketchum*, the attorney not only violated the rules himself but he also solicited other attorneys to violate the rules. Here respondent did not aggravate his misconduct by enlisting others to assist him in his endeavors. Thus the appearance of impropriety, which the rule is designed to prevent (*In re Corboy* (1988), 124 Ill. 2d 29, 38), was not spread beyond Holzer and respondent himself. Finally, in *Ketchum*, there was evidence that Ketchum's testimony before the hearing panel was not candid and forthright. (*Ketchum*, 124 Ill. 2d at 56.) In contrast, respondent here was extremely cooperative not only with the Federal authorities who were investigating Holzer, but also with the Attorney Registration and Disciplinary Commission, which was investigating respondent's activities. Under these circumstances, I conclude respondent's conduct deserves a one-year suspension and concur in the result reached by the majority.