JOHN KLEE, Plaintiff-Appellant, v. BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF BELLEVILLE, Defendant-Appellee.

Fifth District No. 5—90—0158

Opinion filed June 7, 1991.

Melroy B. Hutnick, of Belleville, for appellant.

Robert J. Sprague, of Sprague & Sprague, of Belleville, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

The chief of police of the City of Belleville, Illinois, charged Officer John Klee with violating departmental regulations in connection with an incident which occurred on January 31, 1989. Klee was charged with violating the following sections of the police manual:

> (1.) 30.08—Members shall conduct themselves to avoid bringing the department into disrepute.
>
> (2.) 30.16(B)—Members shall preserve the peace.

(3.) 30.16(E)—Members shall enforce all Federal, State, and local laws and ordinances coming within departmental jurisdiction.

(4.) 30.28—Members shall observe and obey all laws and ordinances and all rules and regulations of the department.

(5.) 36.20—Malicious assaults or batteries committed by members constitute gross misconduct.

(6.) 37.24—Members shall be courteous and orderly in their dealing with the public. They shall perform their duties quietly avoiding harsh, violent, profane or insolent language and shall always remain calm regardless of provocation to do otherwise.

In an administrative proceeding, the Board of Fire and Police Commissioners of the City of Belleville (Board) found Klee guilty on all charges and ordered him suspended for 10 days.

Klee sought review of the Board's decision in the circuit court, which affirmed the Board's decision. On appeal, Klee contends that the Board's finding that he violated department regulations is against the manifest weight of the evidence, and that, even if the Board's findings were correct, the 10-day suspension was unwarranted.

On January 31, 1989, Officer Klee was the "maintaining" officer and the "investigation of inoperable vehicles" officer for the City of Belleville. Klee testified that on January 31, 1989, he was investigating a complaint of a possible inoperable vehicle. The automobile was a brown Lincoln Continental which belonged to Ernst Steele. Klee testified that he observed the Lincoln along with a second vehicle parked next to it at approximately 10:15 a.m. on January 31, 1989. He also observed a man working on the second vehicle. Klee asked the man his name, but the man was reluctant to respond. Eventually the man identified himself as Robert Steele, the brother of Ernst Steele. Klee testified that he attempted to convince Robert Steele to take the inoperable vehicle notice and notify his brother of the problem. Robert Steele refused to accept the notice and placed his hands in his pockets. Klee testified that he then "grabbed" Robert Steele's coat lapel and "stuck a notice in his coat and walked away." Klee described why he took hold of Robert Steele's jacket: "[M]ainly because I had listened to him enough and I explained it to him and I thought it would help to cooperate by notifying his own brother about the problem that he had." Klee admitted that when questioned about the incident, he told Thelma Stoops, Robert Steele's sister, that he was having a bad day. Klee also testified that he had been a member of the force for 12½ years and had been serving as inoperable vehicles officer for the past 10 months. He had received no specific guidelines from the de-

partment for the inoperable vehicles position. Klee testified that he adopted his own procedures for issuing inoperable vehicle notices. He would try to contact the owner personally, and if that failed, he would wait a specified period of time and then have the vehicle towed. Klee stated that whenever possible he would serve the notice on family members so that they could contact the owner. He used this procedure in an attempt to prevent the owner from incurring the towing expense. He testified that this procedure was successful on 40 or 50 prior occasions. He admitted that when serving papers for inoperable vehicles an officer should not touch the person if he refuses to accept the papers.

Robert Steele testified that he did not want to take the notice because it did not "pertain" to him and because he had just been released from the penitentiary and did not need any trouble. Steele stated that he began walking away when Klee told him to "wait a minute." Steele responded, "I don't have to accept this." Klee then grabbed Steele by the shirt and "shoved" the derelict notice down his "chest." Steele stated that the notice was torn while Klee was shoving it into his "chest." He also stated that Klee had yelled at him during the incident. Steele admitted that he was not injured during the dispute and that he had previously been convicted of two felonies.

Thelma Stoops, Steele's sister, testified that Steele was upset immediately after the incident. She stated that when she confronted Klee shortly after the incident occurred, Klee told her that he was having a bad day. She testified that Klee was abrasive towards her during the conversation.

■■ ■ The decision of an administrative agency should not be set aside unless the opposite conclusion is clearly evident. (*King v. City of Chicago* (1978), 60 Ill. App. 3d 504, 508, 377 N.E.2d 102, 106.) The reviewing court can only set aside the findings of the administrative agency if they are against the manifest weight of the evidence. (*Moriarty v. Police Board* (1972), 7 Ill. App. 3d 978, 289 N.E.2d 32.) On review, we determine only whether there is evidence which fairly tends to support the Board's decision. (*Everly v. Chicago Police Board* (1983), 119 Ill. App. 3d 631, 637, 456 N.E.2d 992, 996.) The assessment of the credibility of the witness is a matter for the trier of fact. (*Douglas v. Daniels* (1978), 64 Ill. App. 3d 1022, 1028, 382 N.E.2d 90, 95.) We conclude that there was sufficient evidence to support the Board's determination that Klee violated the departmental rules set forth above. There was evidence that he raised his voice, grabbed Steele, and shoved the notice in Steele's coat. Such conduct is clearly in violation of the departmental rules.

Klee next contends that any violations that he committed were so minor that the 10-day suspension was unwarranted. We disagree.

■■ A single, valid finding of a violation of departmental rules will authorize dismissal. (*King*, 60 Ill. App. 3d at 508, 377 N.E.2d at 106; *Moriarty*, 7 Ill. App. 3d at 982, 289 N.E.2d at 35.) "By the very nature of his employment a police officer is in the eyes of the public and for the good of the department must exercise sound judgment and realize his responsibilities to the department and the public at all times." (*Davenport v. Board of Fire & Police Commissioners* (1972), 2 Ill. App. 3d 864, 870, 278 N.E.2d 212, 216.) Officer Klee failed to exercise sound judgment in this case and violated departmental rules. The Board has broad discretion in imposing penalties, and we conclude there was no abuse of discretion in the imposition of a 10-day suspension under the circumstances of this case. *Zinser v. Board of Fire & Police Commissioners* (1961), 28 Ill. App. 2d 435, 172 N.E.2d 33.

For the foregoing reasons, the judgment of the circuit court of St. Clair County, Illinois, is affirmed.

Affirmed.

RARICK, P.J., and GOLDENHERSH, J., concur.