MICHAEL J. McCLEARY, Plaintiff-Appellant, v. BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF WOODSTOCK *et al.*, Defendants-Appellees.

Second District   No. 2—92—1409

Opinion filed November 2, 1993.

James T. Harrison, of Woodstock, for appellant.

Caldwell, Berner & Caldwell, of Woodstock (Michael T. Caldwell, of counsel), for appellees.

JUSTICE BOWMAN delivered the opinion of the court:

The plaintiff, Michael J. McCleary, was discharged from the Woodstock police department by the defendant, the Board of Fire and Police Commissioners of the City of Woodstock (Board), on the basis of his violation of an order of protection and a domestic battery he committed upon his wife, Bonnie McCleary. The plaintiff filed a complaint for administrative review. On review, the trial court affirmed the Board's decision. The plaintiff appeals, contending that (1) the Board's decision was based upon prejudicial evidence which should not have been admitted; (2) the Board's refusal to grant a stay of proceedings raised an irreconcilable constitutional dilemma; (3) the Board deprived the plaintiff of his right to due process of law by refusing to permit his witnesses to testify; (4) the defendant, Chief of Police Herbert J. Pitzman (Chief), failed to meet his burden of proof to sustain discharge of the plaintiff from the force; (5) the Board erred in failing to express the standard of proof it utilized in rendering its decision; and (6) the Board erred in rendering a harsher sanction against the plaintiff than it rendered against another police officer who allegedly committed a similar offense. We affirm.

At about 3 a.m. on January 21, 1992, the plaintiff went to his home located at 1400 Red Coach Lane in Algonquin. The residence was held in joint tenancy by plaintiff and his estranged wife, Bonnie McCleary. The McClearys were, at that time, separated and involved in litigation over their pending divorce. Bonnie McCleary had been staying at the couple's jointly owned residence on Red Coach Lane, and the plaintiff had been staying at the home of a co-worker in Woodstock.

Although he had keys to the residence, the plaintiff rang the doorbell and knocked upon the door. Roused from sleep, Bonnie McCleary shortly thereafter arrived at the door. The plaintiff informed his wife that he wanted to come inside their house to use the washroom and to

see the children. Bonnie McCleary refused to open the door for her husband, told him to leave, and threatened to call the police. The plaintiff instructed his wife to go ahead and call the police.

The plaintiff then walked to his car, used the garage door opener to open the garage door, walked to the door leading from the garage into the house, inserted his key into the lock, and began to enter the residence. Bonnie McCleary placed her body against the door and attempted to prevent the plaintiff from entering the house. The couple then involved themselves in a pushing contest wherein the plaintiff attempted to enter the house and Bonnie attempted to prevent the plaintiff from entering the house. Eventually, the plaintiff was successful in his attempt to get into his home; in the process, Bonnie McCleary was pushed down as the door was pushed open. Once inside the residence, the plaintiff went upstairs to check on his son and to use the washroom.

While the couple was involved in their struggle with the door, Bonnie McCleary was on the portable telephone calling the police. Shortly after the plaintiff had entered the residence and gone upstairs, the Algonquin police arrived at the home. The officers began their investigation by having the plaintiff come down from upstairs and go outside onto the porch with two officers. Another officer spoke with Bonnie McCleary inside the residence. Bonnie McCleary told the officers that an order of protection had been issued against the plaintiff. She also related that she had been pushed down when he forced his way in.

The Algonquin police officers contacted their dispatch center and were incorrectly informed that an order of protection had been issued and was enforceable against the plaintiff. Based upon their belief that an enforceable order of protection had been issued against the plaintiff, and based upon Bonnie McCleary's representations to the police officers, the Algonquin police took the plaintiff into custody and transported him to the Algonquin police department. When the officers advised him that he was under arrest, the plaintiff offered no resistance and was escorted to one of the police vehicles. The plaintiff was charged with the violation of an order of protection and with domestic battery, with Bonnie McCleary as the the named complainant.

Also on January 21, 1992, the Chief, Herbert Pitzman, filed a complaint with the Board against the plaintiff. The complaint alleged the plaintiff had committed a violation of an order of protection and that he had committed a domestic battery upon Bonnie McCleary; both allegations were in violation of the Illinois revised statutes. The complaint also alleged that the plaintiff had violated certain depart-

mental rules and regulations by allegedly committing the predicate statutory violations.

On the afternoon of February 19, 1992, in the 19th Judicial Circuit, McHenry County, a hearing was held with regard to defendant's, Michael McCleary's, motion to dismiss the criminal charge of "Violation of an Order of Protection." As a result of that hearing, the court determined, as a matter of law, that Michael McCleary had not been served with the order of protection. The court reasoned that because he had not received the service of the order, he had no actual notice of the contents of the order, and since he had no knowledge of the contents of the order, he therefore lacked the requisite knowledge element required by the statute in order to be held civilly or criminally liable thereunder. The court granted Michael McCleary's motion to dismiss the charge of "Violation of an Order of Protection" and entered an order in that regard. At that point the criminal domestic battery charge was pending.

Hearings into the administrative complaint against the plaintiff were held by the Board beginning on January 24, 1992. On the evening of February 19, 1992, the Board reconvened to continue hearings into the Chief's administrative complaint. At that time, Michael McCleary filed with the Board a motion to dismiss count 4(b) of the administrative complaint. Count 4(b) related to Michael McCleary's alleged criminal violation of the order of protection. The Board made several findings, one of which was that Michael McCleary committed a battery upon Bonnie McCleary in violation of section 12–3.2(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 12–3.2(a)(1) (now 720 ILCS 5/12–3.2(a)(1) (West 1992))). On March 23, 1992, the Board, in a two to one split decision, discharged the plaintiff from the Woodstock police department.

On April 27, 1992, the plaintiff filed his complaint for administrative review in the 19th Judicial Circuit, McHenry County. Following several months of pretrial procedural matters, on October 30, 1992, a hearing on the plaintiff's complaint for administrative review was held. The trial court affirmed the decision of the Board. The plaintiff timely filed his appeal.

An appellate court's proper function in reviewing administrative decisions is to ascertain if the agency's findings are against the manifest weight of the evidence. (*Burgett v. City of Collinsville Board of Fire & Police Commissioners* (1986), 149 Ill. App. 3d 420, 422.) The appellate court is not to reweigh the evidence, determine the credibility of the witnesses, or substitute its judgment for that of the administrative agency. (*Burgett*, 149 Ill. App. 3d at 422.) The appellate court

is only to determine if enough evidence exists in the record to support the findings. *Burgett*, 149 Ill. App. 3d at 422.

At the outset, we note that evidentiary rulings by the Board are part of the basis for this appeal. The strict rules of evidence that apply in a judicial proceeding do not apply in proceedings before an administrative agency. (*Przislicki v. City of Chicago* (1991), 212 Ill. App. 3d 661, 669-70.) According to the statute (Ill. Rev. Stat. 1991, ch. 110, par. 3—111(a)), in direct review of administrative orders by the appellate court, the appellate court has all of the powers which are vested for administrative review by the trial court. (134 Ill. 2d R. 335.) As regards administrative review, the trial court is charged as follows:

> "Technical errors in the proceedings before the administrative agency or its failure to observe the technical rules of evidence shall not constitute grounds for the reversal of the administrative decision unless it appears to the court that such error or failure materially affected the rights of any party and resulted in substantial injustice to him or her." (Ill. Rev. Stat. 1991, ch. 110, par. 3—111(b) (now 735 ILCS 5/3—111(b) (West 1992)).)

Thus, the appellate court may reverse an administrative ruling only if there is error which prejudiced a party in the proceeding.

In the first issue on review, the plaintiff argues that the Board's denial of the plaintiff's motion to dismiss count 4(b) of the amended administrative complaint was in error. Count 4(b) related to Michael McCleary's alleged criminal violation of the order of protection. The Chief's allegations against Michael McCleary in count 4(b) of his complaint were:

> "4.) [O]n January 21, 1992, *** the Respondent ***:
>
> b.) Violated the terms, provisions and limitations of an Order of Protection issued by the Circuit Court of the Nineteenth Judicial Circuit, McHenry County, Illinois, in Case No. 91 D 307 on May 2, 1991, in the [*sic*] he did harass, interfere with the personal liberty of, and intimidate and physically abuse Bonnie Lynn McCleary at 1400 Red Coach Lane, Algonquin, Illinois on January 21, 1992. In violation of Section 12—30 of the Illinois Criminal Code (Ill. Rev. Stat. 1989, Ch. 38, Sec. 12—30)."

In support of McCleary's motion to dismiss, the Board was provided with the trial court's findings and order dismissing the charge of "Violation of an Order of Protection." The Board denied McCleary's motion to dismiss count 4(b) and ruled that it would proceed on all counts in the Chief's complaint, including count 4(b), and that it

would hear evidence relating to the alleged criminal violation of the order of protection.

■ On appeal, the plaintiff contends that such decision by the Board admitted evidence that was irrelevant, that promised no probative value whatsoever, and that resulted in substantial prejudice to the plaintiff. We agree with the plaintiff in part. Relevancy of evidence is established where a fact offered tends to prove a matter in controversy. (*Bullard v. Barnes* (1984), 102 Ill. 2d 505, 519.) The determination of whether particular evidence is relevant is within the discretion of the trial court and will not be disturbed absent an abuse of discretion. (*Benson v. Bradford Mutual Fire Insurance Corp.* (1984), 121 Ill. App. 3d 500, 510.) In the present case, the criminal charge of violation of an order of protection had been dismissed in the trial court. Therefore, the violation of the statute was not properly at issue before the Board. Thus, the evidence was irrelevant, its admission was error, and count (b) of the administrative complaint should have been dismissed. However, we determine that the admission of the evidence was harmless error, as the Board had evidence of plaintiff's conduct before it, that is, because the Board had other evidence before it that it could rely on to support its decision, the fact that the Board admitted evidence to support count 4(b) was not critical to the outcome of the hearing. Where it appears that an error did not affect the outcome below, the judgment will not be disturbed. (*Cairns v. Hansen* (1988), 170 Ill. App. 3d 505, 511.) In conclusion, we determine that the admission of the evidence regarding count 4(b) was harmless error.

■ The plaintiff next contends that the Board's refusal to grant a stay of proceedings forced the plaintiff into a position wherein he had to choose between his constitutional right to refrain from testifying about matters pertaining to the criminal charges against him and his constitutional right to present evidence in his own defense in the hearing before the Board.

On February 5, 1992, Michael McCleary filed a motion to stay the administrative proceedings of the Board pending the disposition of the underlying criminal case against him. The Board denied the motion. The plaintiff contends that, if on the one hand, Michael McCleary were to testify before the Board prior to the State court criminal trial regarding the circumstances that resulted in his arrest, he would constructively waive his right to remain silent in the criminal case. He contends that this would be in contradiction to his civil rights as guaranteed by the fifth amendment to the United States Constitution. (U.S. Const., amend. V.) According to the plaintiff, on the other hand,

if Michael McCleary exercised his fifth amendment rights and did not testify before the Board, prior to his State court criminal trial, he would be constructively denied the opportunity to be heard in his own defense in the administrative proceedings, in contradiction to his constitutional due process rights and his statutory rights pursuant to section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1991, ch. 24, par. 10—2.1—17 (now 65 ILCS 5/10—2.1—17 (West 1992))).

The plaintiff seems to assume that there is a constitutional issue in the fact that criminal proceedings and administrative proceedings based on the same conduct are pending simultaneously, and the administrative proceedings are proceeding to hearing first. However, as to this argument, no case law or authority is cited. If, in fact or in law, choosing to testify in an administrative proceeding amounts to an actual or constructive deprivation of the right against self-incrimination, it is incumbent upon plaintiff to cite that authority. We therefore reject this argument for failure to comply with Supreme Court Rule 341(e)(7), which provides that arguments of appellants must contain their contentions and reasons therefore, including citations of authority, and the points not argued are waived. (134 Ill. 2d R. 341(e)(7).) Mere contentions, without argument or citations of authority, do not merit consideration on appeal. (*In re Tally* (1991), 215 Ill. App. 3d 385, 390-91.) Plaintiff's brief does not meet this standard; therefore, we determine that the plaintiff has waived this issue.

■■ Next, the plaintiff argues that the Board deprived him of his right to due process by improperly admitting a photocopied order which allegedly granted Bonnie McCleary exclusive possession of the marital residence, by refusing to admit a petition signed by the plaintiff's fellow police officers, and by refusing to allow witnesses to testify for the plaintiff as to his character on the issue of mitigation. The defendants posit that the photocopied order was relevant to the assertion by Michael McCleary that his conduct was justifiable force to gain entry into his marital home, and that the petition signed by the police officers was properly excluded, as was the testimony by plaintiff's witnesses.

On March 9, 1992, before the Board, the Chief moved to admit into evidence a photocopy of a court order entered on May 30, 1991, which allegedly granted exclusive possession of the marital residence to Bonnie McCleary. Plaintiff objected on the basis of relevance and because the order was an interim order which expired after 30 days which was before the date of the incident. The order was admitted. On appeal, the plaintiff contends that the order was untimely filed, was admitted without proper foundation, was not brought in through

any witness, and was admitted only by way of the testimony of the attorney for the defendant Chief. Furthermore, plaintiff asserts that the photocopied order was not a certified or verified copy of the original. Although it is evident from the record that the proper foundation was not given (*People v. Bowman* (1981), 95 Ill. App. 3d 1137, 1142), since an objection to foundation was not raised at trial, this issue on appeal is waived. (*People v. Barrios* (1986), 114 Ill. 2d 265, 275.) As to the relevance objection made at trial, we determine that the order granting exclusive possession of the premises was relevant evidence. Furthermore, we note in the record that the order yielding exclusive possession of the premises was entered in the divorce proceeding between Bonnie and Michael McCleary, thus constituting temporary relief pursuant to the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1991, ch. 40, par. 501 (now 750 ILCS 5/501 (West 1992))). Such an order terminates when the final judgment in the dissolution proceeding is entered. (Ill. Rev. Stat. 1991, ch. 40, par. 501(c)(3) (now 750 ILCS 5/501(c)(3) (West 1992)).) Thus, since the dissolution proceeding had not terminated as of the day of the incident, the order was valid and was properly admitted.

■ In addition, during the March 23, 1992, hearing regarding the factors in aggravation and mitigation for sentencing, plaintiff's counsel attempted to enter into evidence a petition signed by several law enforcement officers of the Woodstock area which attested to their support of the plaintiff's retention of his employment. The Chief's counsel objected and the objection was sustained on the basis of lack of foundation. The Board's attorney offered to mark the petition as respondent's offer of proof exhibit No. 2. It was thus made part of the record and was not considered by the Board in making its decision. The petition stated, "We, the following law enforcement officers having full knowledge of decisions of the Woodstock fire and police commission against Officer Michael J. McCleary wholeheartedly support Officer McCleary in the retention of his employment," and several signatures accompanied the statement.

At that point, the plaintiff's counsel requested the court to permit each of the parties who signed the document and who was present at the hearing to testify. The defendant's counsel objected on the basis of relevancy. Plaintiff's counsel responded with this statement:

"The standard for a police officer discharge in the State of Illinois is some substantial shortcoming which renders the employee's continuance in office some way detrimental to the discipline and efficiency of the service in which the law and sound public opinion recognizes as good cause for or is no longer hold-

ing the position. It's my feeling that these witnesses who are law enforcement officers who work side by side with Mr. McCleary and who also represent a portion of the public opinion can come in here and testify as to whether or not they feel there is good cause based on this case for his no longer retaining his position. That is the standard in Illinois. I feel that it's directly relevant."

At that point, the Board sustained the objection. The plaintiff now appeals, arguing that substantial injustice was done when the witnesses were not permitted to testify.

The general rule in Illinois is that where character evidence is proper, only reputation evidence and not evidence of personal opinion is admissible. (*Voga v. Nelson* (1983), 115 Ill. App. 3d 679, 684; *People v. Goodwin* (1981), 98 Ill. App. 3d 726, 730.) The determination of admissibility of evidence is a matter of the trial judge's discretion and only an abuse of that discretion warrants reversal. (*Skelton v. Chicago Transit Authority* (1991), 214 Ill. App. 3d 554, 577.) That rule regarding the trial court's discretion applies in this case to the Board's decision to exclude the evidence. That is, the Board exercised its discretion in not admitting the evidence.

In the present case, plaintiff attempted to enter into evidence the petition, which was evidence that several law enforcement officers believed that Michael McCleary should not be terminated. When that attempt was denied, plaintiff's counsel attempted to introduce as witnesses some of the officers who signed the petition, stating that the officers would testify as to whether they believed there was good cause for McCleary's termination. We determine that such evidence constitutes improper opinion evidence and its admission would invade the province of the fact finder, which is charged with the task of deciding whether plaintiff should be terminated for cause. On the other hand, if plaintiff had intended to put on such witnesses to show Michael McCleary's reputation for conducting himself as a law-abiding citizen, such evidence would be admissible, as (1) reputation evidence is proper character evidence, and (2) whether he was a law-abiding citizen is relevant to whether his employment as a police officer should be terminated. However, we determine that the evidence that plaintiff attempted to enter was improper opinion evidence, and on that basis we affirm the Board's decision to exclude such evidence.

■ Plaintiff next contends that there was insufficient competent evidence in the record to support the Board's decision that sufficient cause existed to discharge the plaintiff from the City of Woodstock police department. Plaintiff further contends that the testimony of

Bonnie McCleary was suspect and cannot be said to establish the substantial competent evidence sufficient to establish cause for discharge. In so contending, the plaintiff is not only asking this court to set aside the penalty but also to reverse the Board's finding of cause.

A reviewing court's scope of review of an administrative agency's decision regarding dismissal is a two-step process. First, the court must determine if the agency's findings of fact are contrary to the manifest weight of the evidence. Second, the court must determine if the findings of fact provide a sufficient basis for the agency's conclusion that cause for dismissal does or does not exist. (*Carrigan v. Board of Fire & Police Commissioners* (1984), 121 Ill. App. 3d 303, 308.) While the findings of a city police board are presumed *prima facie* correct on appeal, such findings are required to be supported by the manifest weight of the evidence. (*Daniels v. Police Board* (1976), 37 Ill. App. 3d 1018, 1022.) However, unlike agency findings of fact, determinations of cause (for discharge) are not *prima facie* true and correct and are subject to judicial review. (*Christenson v. Board of Fire & Police Commissioners* (1980), 83 Ill. App. 3d 472, 476.) An administrative tribunal's finding of cause for discharge commands respect, and it is to be overturned only if it is arbitrary and unreasonable or unrelated to the requirements of service. (*Carrigan*, 121 Ill. App. 3d at 310.) A single valid finding of a violation of departmental rules will authorize dismissal. *Klee v. Board of Fire & Police Commissioners* (1991), 214 Ill. App. 3d 1099, 1102.

The plaintiff was discharged by the Board upon its finding that he was guilty of a battery pursuant to section 12—3.2(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 12—3.2(a)(1) (now 720 ILCS 5/12—3.2(a)(1) (West 1992))). Although evidence of a criminal conviction of the offense of battery is not evident in the record, we determine that the Board's finding that plaintiff was guilty of battery is supported by the manifest weight of the evidence. We so determine that because the fact that Bonnie McCleary was pushed down is not disputed, and the fact that she had the right to exclusive possession of the premises was supported by the trial court order so stating. The findings of the Board included the statement that McCleary was at all times obligated to conform his on-duty and off-duty conduct to the rules and regulations of the police department of the City of Woodstock and all the laws and municipal subdivisions of the State of Illinois. The findings stated that, by reason of his battery of Bonnie McCleary, Michael McCleary committed conduct unbecoming of an officer in violation of chapter 5, section 5—2, of the rules and regulations of the police department of the City of Woodstock. That section

set forth the standard of conduct for members of the department, stating, "Members and employees shall not engage in any conduct which constitutes conduct unbecoming an Officer or neglect of Duty." (City of Woodstock Department of Police, Rules & Regulations, ch. 5, par. 5—2.) This single finding of a violation of a departmental rule justifies dismissal. (*Klee*, 214 Ill. App. 3d at 1102.) Thus, the Board properly discharged the plaintiff on the basis of his violation of departmental rules.

Next, the plaintiff contends that another policeman in the Woodstock police department allegedly committed a violation comparable to his own violation, that is, domestic battery, and was not sanctioned for it; therefore, the plaintiff concludes he was wrongly punished by discharge. Plaintiff cites *Wilson v. Board of Fire & Police Commissioners* (1990), 205 Ill. App. 3d 984, 992, to support the contention that it is proper to hold a new hearing on the issue of sanctions if the factual scenarios of two cases are related and there is a gross disparity between the two sanctions levied.

According to the record, in this case Officer Michael P. McCluskey testified before the Board on behalf of the plaintiff. Officer McCluskey testified that during July 1991, while he was off duty as a Woodstock police officer, he was involved in a domestic argument with his girlfriend, Karol Pavelt, at a gas station in Woodstock. McCluskey testified that the sheriff's police were called in to investigate the occurrence and that Karol Pavelt told the officers that McCluskey had battered her in that he allegedly pushed her down. Sheriff's deputy Ronald Salgado testified that he investigated the occurrence, that he directed Karol Pavelt to the State's Attorney's office to pursue charges, and that he had provided the Woodstock police department with his report number for future reference. According to the briefs, Karol Pavelt did not press charges, and the State's Attorney's office refused to authorize charges. McCluskey testified that no disciplinary action was taken against him as a result of the incident.

The two cases may be distinguished on the basis that in the McCleary case there was evidence in the record that a battery occurred. There was no dispute that Bonnie McCleary was pushed down, and the fact that she had the right to exclusive possession of the premises was supported by the trial court order so stating. Thus, in the McCleary case there was conduct which formed the basis of the Board's findings. In the McCluskey case, no such findings were made. Furthermore, there was no evidence of prior disciplinary problems with McCluskey whereas McCleary had been suspended once previously. On the basis of these factual differences, we determine that the two cases

were not sufficiently related to give rise to a need for comparable sanctions. *Launius v. Board of Fire & Police Commissioners* (1992), 151 Ill. 2d 419, 442-43.

In *Launius*, the facts were that plaintiff Launius had abandoned his post during his shift on August 14, 1987, at police headquarters when he learned, through several telephone conversations with his wife, that his home was being flooded by water due to heavy rains and the safety of his wife and two small children was at risk. The appellate court, in *Launius*, found the board's decision to be arbitrary and unreasonable in light of a less severe disciplinary penalty imposed upon another police officer, Czyzewski, for misconduct that arose during the same period of flooding. (*Launius v. Board of Fire & Police Commissioners* (1991), 211 Ill. App. 3d 545, 559.) This issue was on review at the supreme court and its analysis is discussed below. *Launius*, 151 Ill. 2d at 440-41.

The circumstances surrounding Czyzewski's disciplinary matter were: he was not scheduled to work on August 14, 1987, and was ordered to report to the police force that day, but refused as he could not get his car out of his driveway and the street was impassible because it was filled with water. On the phone with his supervisor, Czyzewski lost his temper and uttered an obscenity. Czyzewski was suspended four days because of the language he used with his supervisor. (*Launius*, 151 Ill. 2d at 441.) In its analysis, the supreme court noted that *Wilson* stood for the proposition that an administrative tribunal's finding of cause for discharge may be considered arbitrary and unreasonable when it is compared to the discipline imposed in a completely related case. (*Launius*, 151 Ill. 2d at 442, citing *Wilson*, 205 Ill. App. 3d at 992.) However, the court also noted that cause for discharge can be found regardless of whether other employees have been disciplined differently. (*Launius*, 151 Ill. 2d at 442, citing *Lyles v. Department of Transportation* (1989), 183 Ill. App. 3d 901, 911-12; *Sheehan v. Board of Fire & Police Commissioners* (1987), 158 Ill. App. 3d 275, 290; *Jones v. Civil Service Comm'n* (1979), 80 Ill. App. 3d 74, 75.) The *Launius* court concluded that the facts of the *Launius* case, as compared to the facts of Czyzewski's case, were not sufficiently related to render the board's discharge decision arbitrary and unreasonable. (*Launius*, 151 Ill. 2d at 443.) Likewise, we determine that in the present case the facts of the McCluskey case and the McCleary case are not sufficiently related to render the Board's discharge decision arbitrary and unreasonable.

Furthermore, the evidence in the present case is sufficient to establish that plaintiff committed the offense and that it constituted suf-

ficient cause for discharge. It is apparent that a police officer who does not abide by the rules of the department will impair the discipline and efficiency of the police force. Sufficient cause for plaintiff's discharge exists regardless of whether the other officers had received different treatment. *Jones v. Civil Service Comm'n* (1979), 80 Ill. App. 3d 74, 76.

Next, the plaintiff contends that the Board erred when it failed to announce the standard of proof it applied. In a civil proceeding where the conduct involved is criminal, the proof should be clear and convincing. (*Shallow v. Police Board* (1981), 95 Ill. App. 3d 901, 908.) We observe from the record that in the findings and decisions by the Board no standard was expressed. However, there is no duty by the Board to explain, announce, or otherwise define the standard used in rendering a decision. Thus, we determine that the lack of an express standard is not error.

In conclusion, we affirm the defendant Board's decision.

Affirmed.

QUETSCH and COLWELL, JJ., concur.