LEE J. DAUEN, Plaintiff-Appellant, v. BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF STERLING *et al.*, Defendants-Appellees.

Third District   No. 3—94—0809

Opinion filed September 22, 1995.

Coryn, Walker & Meehan, of Rock Island (Gerald J. Meehan, of counsel), for appellant.

Blodgett, Reese, Merritt & Albert, of Rock Falls (James L. Reese, of counsel), for appellee Board of Fire and Police Commissioners of City of Sterling.

Coplan Law Office, of Morrison (Ronald F. Coplan, of counsel), for appellee Arlyn G. Oetting.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, Lee J. Dauen, appeals from a judgment of the circuit court affirming his dismissal by the codefendants, Sterling Board of

Fire and Police Commissioners (Board) and Sterling Fire Chief Arlyn Oetting. After the police found cocaine in his residence, Dauen was dismissed for breaking the law of Illinois and bringing the Sterling fire department into disrepute. Dauen contends that: (1) the Board's finding that he possessed drugs was against the manifest weight of the evidence and was insufficient cause for termination; and (2) he is a rehabilitated drug addict protected from dismissal by the Americans with Disabilities Act of 1990 (ADA) (42 U.S.C.A. § 12101 *et seq.* (West 1995)). We affirm.

Dauen worked for the Sterling fire department for 16 years. There is no dispute that he received consistently good evaluations throughout his employment and was promoted twice, ending his employment as a fire captain.

In January 1992, the Illinois State Police executed a search warrant for illegal drugs at Dauen's residence. During the search, the police found visually detectable cocaine residue on a piece of paper in the pocket of one of Dauen's bathrobes. They also found a mirror, razor blade, and silver spoon in a wooden box located in his bedroom, all of which field-tested positive for cocaine. Thereafter Dauen cooperated with the police and, in return for information regarding the local drug trade, was not charged with a criminal offense.

The fire department, upon learning the search results, placed Dauen on paid suspension. Soon thereafter, Chief Oetting filed two charges against Dauen with the Board.[1] The first charged Dauen with violating fire department rules by failing to conduct his private and professional life in a manner as to avoid bringing the department into disrepute. The second charged Dauen with violating department rules by failing to obey State law. Both charges stemmed from Dauen's possession of cocaine as disclosed by the search of his residence.

The Board convened hearings to consider the charges. Dauen's attorney admitted in his opening statements that Dauen had possessed cocaine. He later clarified his position, telling the Board that Dauen admitted the conduct alleged in the charges and that the question for the Board was "whether that conduct constitutes a violation and what, if any, punishment or sanctions should be imposed."

Following this admission, the City of Sterling introduced into evidence transcripts of statements Dauen made to police following the

---

[1]The fire chief subsequently added several additional charges relating to Dauen's alleged purchase of cocaine from several individuals on various occasions. The Board did not rule on these charges, however, and we deem them irrelevant to the questions before us.

search of his residence. The transcripts included statements by Dauen indicating that he bought cocaine from a drug dealer approximately six times and once bought two ounces to sell. The transcripts also reveal that Dauen gave the police information regarding the Sterling drug organization, including the location of drug supplies and the identification of drug couriers.

The Board then heard testimony from Dauen himself. He admitted that he had used and possessed drugs in the past, although he had never done so while on duty. He testified, however, that about a month before the search he recognized a need to end his drug use and to seek counseling. Dauen testified that he stopped using drugs altogether as of December 13, 1991, and initially sought counseling and began Alcoholics Anonymous meetings sometime during the latter half of that month. Later, after the police searched his residence, Dauen checked into a rehabilitation program. As of the date of the Board's hearing, Dauen had completed the program and was involved in an after-care program.

The Board also heard testimony from David Owens, a drug counselor who oversaw Dauen's rehabilitation. Owens stated that Dauen was an alcoholic with a secondary drug problem. He testified, however, that Dauen's progress in counseling and Alcoholics Anonymous was excellent and that Dauen was likely to remain drug free if he continued his rehabilitation.

During closing statements, Dauen's attorney asked the Board to reinstate Dauen based upon the fact that he admitted his drug problem and took affirmative steps to treat the problem. In the course of this argument, Dauen's attorney suggested that Dauen was a qualified individual with a disability as that term is defined within the ADA. Throughout the course of the proceedings, however, Dauen never argued that the charges brought against him were unlawfully discriminatory in violation of the ADA.

After hearing the evidence, the Board sustained the charges against Dauen and voted to terminate his employment. In so ruling, the Board made no determination regarding the application of the ADA to the case. Dauen filed a motion to reconsider, arguing for the first time that his termination was in violation of the ADA. The Board denied this motion, and Dauen appealed to the circuit court. The court found that the Board's findings were not against the manifest weight of the evidence, but remanded for a determination of whether Dauen was protected under the ADA.

On remand, the Board convened another hearing to consider Dauen's status under the ADA. David Owens was again called to testify. He reported that Dauen had successfully completed his after-

care program and enjoyed an excellent prognosis for ongoing recovery. Dauen also elicited testimony from several of his acquaintances from Alcoholics Anonymous, who testified that Dauen was doing well in the program and appeared to be clean and sober. Finally, Dauen testified that he considered himself a drug addict, but that he had been able to deal with the problem through counseling and AA meetings.

Following the hearing, the Board ruled that Dauen was a current user/possessor of illegal drugs and thus was not protected under the ADA. It also found that Dauen's termination was not based upon his addiction to drugs, but rather was based upon his illegal possession of drugs. The circuit court affirmed this ruling, and this appeal followed.

■ Review of an administrative agency's decision to dismiss an employee is a two-step process. First, the reviewing court must determine whether the agency's findings of fact are against the manifest weight of the evidence. Second, the court must determine that the findings of fact provide sufficient cause for dismissal. *Norman v. Board of Fire & Police Commissioners* (1993), 245 Ill. App. 3d 822, 614 N.E.2d 499.

■ Dauen contends first that the Board's finding that he possessed drugs was against the manifest weight of the evidence. We find that this issue is foreclosed by Dauen's judicial admission of the charges' veracity during the first administrative hearing.

A judicial admission is a formal act which waives or disposes of the production of evidence, by conceding for the purposes of litigation that a proposition of fact is true. (*Giamanco v. Giamanco* (1982), 111 Ill. App. 3d 1017, 444 N.E.2d 1090.) The effect of a judicial admission is to remove the proposition in question from the field of disputed issues. (*Hudson v. Augustine's, Inc.* (1966), 72 Ill. App. 2d 225, 218 N.E.2d 510.) A judicial admission may be made by a party's attorney. (See *Fair Automotive Repair, Inc. v. Car-X Service Systems, Inc.* (1984), 128 Ill. App. 3d 763, 471 N.E.2d 554; *Dora Township v. Indiana Insurance Co.* (1979), 67 Ill. App. 3d 31, 384 N.E.2d 595.) Administrative proceedings follow the same rules of evidence as applied in civil cases brought in the circuit court. 5 ILCS 100/10—40 (West 1992).

In this case, during the first administrative hearing, Dauen's attorney admitted that Dauen engaged in the conduct alleged in the charges. Therefore, Dauen cannot contest the Board's decision to sustain the charges at this stage in the proceedings. Accordingly, we decline to consider whether the Board's decision was against the manifest weight of the evidence.

■ Dauen next argues that, even if the charges were true, they did not constitute cause for dismissal. We disagree.

"Cause" for termination is defined as a substantial shortcoming recognized by law and public opinion as a good reason for termination. (*Norman v. Board of Fire & Police Commissioners* (1993), 245 Ill. App. 3d 822, 614 N.E.3d 499.) On review, the question is not whether the court would select a more lenient sanction than discharge, but whether the Board acted arbitrarily or unreasonably, or imposed discipline unrelated to the requirements of service. *McCleary v. Board of Fire & Police Commissioners* (1993), 251 Ill. App. 3d 988, 622 N.E.2d 1257.

The rules of the Sterling fire department require that officers in that department obey the laws of Illinois. A single, valid finding of a violation of departmental rules will authorize dismissal. *Klee v. Board of Fire & Police Commissioners* (1991), 214 Ill. App. 3d 1099, 574 N.E.2d 241; *Reich v. Board of Fire & Police Commissioners* (1973), 13 Ill. App. 3d 1031, 301 N.E.2d 501.

In sustaining the charges against Dauen, the Board determined that Dauen violated State law by illegally possessing a controlled substance. Since this violation also transgressed the Sterling fire department's rules, we cannot say that a sufficient basis did not exist for Dauen's termination. Indeed, we think the Board's action was an appropriate measure to protect the Sterling fire department's integrity and its ability to perform its important social function.

The final issue is whether Dauen's termination was unlawfully discriminatory under the provisions of the ADA.

■ Title I of the ADA prohibits an employer from discriminating against a qualified individual with a disability because of the disability in regard to hiring, advancement or discharge decisions. (See 42 U.S.C.A. § 12112 (West 1995).)[2] The term "qualified individual with a disability" does not include an employee who is "currently engaging in the illegal use of drugs" (42 U.S.C.A. § 12114(a) (West 1995)), but does include an individual who has successfully completed a supervised drug rehabilitation program and is no longer engaging in drug use (42 U.S.C.A. § 12114(b)(1) (1995)). The relevant time frame for determining whether an individual is currently engaging in drug use is the actual date of discharge. See *Teahan v. Metro-North Com-*

---

[2]Although claims of employment discrimination against public entities are properly brought under title II of the ADA, such claims are to be evaluated under the standards set forth in title I of the ADA and in the Rehabilitation Act of 1973. See *Ethridge v. Alabama* (M.D. Ala. 1994), 860 F. Supp. 808.

*muter R.R. Co.* (2d Cir. 1991), 951 F.2d 511 (construing similar provision of Rehabilitation Act of 1973).

■ Dauen argues that the Board erred in its finding that he was engaged in current drug use and therefore not subject to the ADA's protection. We need not address this issue, however, because we find adequate evidence in the record to sustain the Board's finding that Dauen's termination was not based upon his addiction.

An employee cannot establish an ADA violation absent evidence that the employer knew of the employee's disability. (See *Hedberg v. Indiana Bell Telephone Co.* (7th Cir. 1995), 47 F.3d 928.) Moreover, the ADA does not prohibit an employer from discharging an employee who commits a crime or otherwise engages in improper conduct when the improper conduct, rather than the alleged addiction, is the reason for discharge. See *Grimes v. United States Postal Service* (W.D. Mo. 1994), 872 F. Supp. 668 (construing Rehabilitation Act of 1973).

In the case at bar, the record contains no evidence indicating that Chief Oetting knew, at the time the charges were brought, that Dauen was addicted to drugs or that he was seeking treatment. To the contrary, the evidence shows only that Chief Oetting learned about the search of Dauen's residence and subsequently sought his dismissal for possession of cocaine in violation of State law and departmental rules. Under these facts, the Board was entitled to find that Dauen's possession of cocaine, and not his addiction, was the basis for his termination. (See *Grimes*, 872 F. Supp. at 676 (employee terminated for possession and distribution of marijuana rather than addiction).) Therefore, we find that the Board's rejection of Dauen's ADA defense is not against the manifest weight of the evidence.

For the foregoing reasons, the judgment of the circuit court of Whiteside County is affirmed.

Affirmed.

HOLDRIDGE and McCUSKEY, JJ., concur.