No. 2--06--0230                          filed:
                                         10/20/06
_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| ROCKFORD MEMORIAL HOSPITAL, | ) | Appeal from the Circuit Court |
| | ) | of Winnebago County. |
| Plaintiff and Counterdefendant- | ) | |
| Appellee, | ) | |
| | ) | |
| v. | ) | No. 04--AR--915 |
| | ) | |
| MICHAEL HAVRILESKO and KATHY | ) | |
| HAVRILESKO, | ) | |
| on Behalf of All Those Similarly Situated, | ) | |
| | ) | Honorable |
| Defendants and Counterplaintiffs- | ) | Timothy R. Gill, |
| Appellants. | ) | Judge, Presiding. |

_____

JUSTICE CALLUM delivered the opinion of the court:

Defendants, Michael and Kathy Havrilesko, on behalf of themselves and those similarly situated, appeal the dismissal of their second amended countercomplaint seeking relief under the Illinois Consumer Fraud and Deceptive Business Practices Act (the Act) (815 ILCS 505/1 et seq. (West 2004)). The Havrileskos alleged that plaintiff, Rockford Memorial Hospital (RMH), violated the Act by concealing rates in excess of reasonable customary charges and concealing that they would be required to pay amounts not covered by insurance. They also alleged that a letter sent by RMH misrepresented facts about a secondary carrier and that they were billed for services they did not receive. The trial court determined that the Havrileskos failed to state a cause of action, and it

dismissed the claim and granted the Havrileskos' motion to allow an interlocutory appeal. For the following reasons, we affirm.

I. BACKGROUND

RMH filed a complaint seeking payment for medical treatment provided to one of the Havrileskos' children, Kayla Havrilesko. The Havrileskos filed a countercomplaint alleging damages under the Act on behalf of themselves and those similarly situated and amended it twice after RMH successfully moved to dismiss or strike. The second amended countercomplaint alleged the following.

During 2003, the Havrileskos' four children received medical services from RMH. On February 4, 2004, their insurance carrier tendered checks in the amount of $38,091.07 in payment of the reasonable charges for the services. On February 8, the Havrileskos sent a letter to the chief financial officer at RMH, disputing the charges and denying that they owed any amount in excess of the reasonable value of services rendered. RMH returned the checks with a letter stating that if the checks were reissued with a "payment in full" endorsement removed, it would accept them and bill a secondary carrier for any remaining balance.

A copy of the RMH letter was attached to the complaint and contained the following statement:

"We reviewed each account in question and must remain steadfast in our position regarding usual and customary reimbursements. Identical charges would be posted to any individual receiving matching services within our facility regardless

of the insurance coverage. Our charges are found to be reasonable and customary. ***

We believe all patients should receive equal medical treatment as well as equal billing. We operate according to Government regulations and our current Managed Care Contracts. We do not openly offer single case discounts, negotiate rates, or adhere to usual and customary charges."

According to the Havrileskos, the letter contained material misrepresentations of fact because there was no secondary carrier for Kayla and because it falsely claimed that the charges were reasonable and customary. They also alleged that RMH intended that they rely on the misstatements.

The Havrileskos next alleged that RMH concealed or omitted the following facts: (1) the established rates for the services; (2) that it would not accept payment in the amount of usual and customary charges in the industry; (3) that it would require the Havrileskos to pay the difference between what their insurance carrier would pay and the amount charged; and (4) that the charges were far in excess of the reasonable and customary charges for comparable services in the Rockford community. They stated that had they been aware of the concealed facts, they would have refused the services. The complaint also contained a statement that "upon information and belief," RMH billed the Havrileskos for services that were not performed. According to the Havrileskos, RMH's actions were deceptive business practices that resulted in charges five times the cost of the services rendered as determined by the standards set out in the Medicare Ambulatory Procedure Classification Codes and by Medicare Payment Advisory Commission data.

The Havrileskos alleged damages and made general allegations seeking to establish the class. They then asserted separate personal and class action claims for both consumer fraud and deceptive business practices. They sought injunctive relief, compensatory and punitive damages, measures to protect their credit rating, and attorney fees.

RMH moved to dismiss under the Code of Civil Procedure for failure to state a cause of action. 735 ILCS 5/2--615 (West 2004). The trial court dismissed and the Havrileskos moved to reconsider, or in the alternative to allow an interlocutory appeal, contending that the court failed to consider the countercomplaint in its entirety and required more facts than the law dictates. They did not seek leave to amend. The record does not contain a trial brief from the Havrileskos on the motion or a transcript of the hearing.

The trial court granted the Havrileskos' motion for an interlocutory appeal under Supreme Court Rule 308 (155 Ill. 2d R. 308). It later amended the order on request to allow the appeal under Supreme Court Rule 304 (Official Reports Advance Sheet No. 22 (October 26, 2005), R. 304, eff. January 1, 2006). The court stated that the issues for appeal were whether it erred in dismissing the countercomplaint in its entirety or whether the Havrileskos stated a cause of action for: (1) a class action based on consumer fraud; (2) a consumer fraud action as to the Havrileskos; (3) a consumer fraud action as to class members; (4) a deceptive business practices action as to the Havrileskos; (5) a deceptive business practices claim as to class members; and (6) injunctive relief.

## II. ANALYSIS

The Havrileskos contend that they stated a cause of action because they alleged that RMH engaged in deceptive practices when it concealed information about its charges and billing practices. RMH argues that it did not have a duty to disclose its charges and that a claim based on unconscionably high prices cannot be supported. It also argues that in some circumstances, the Havrileskos alleged only conclusions of law. RMH further contends that the Havrileskos waived their arguments because they did not present them to the trial court.

## A. Waiver

Citing two cases, RMH contends that the Havrileskos' arguments are waived because they did not respond to the motion to dismiss. American National Bank & Trust Co. v. City of Chicago, 192 Ill. 2d 274 (2000); Jespersen v. Minnesota Mining & Manufacturing Co., 288 Ill. App. 3d 889 (1997). In particular, RMH contends that an argument not raised in the circuit court in response to a motion to dismiss and presented for the first time on appeal is waived. Jespersen, 288 Ill. App. 3d at 894-95. The cases upon which RMH relies, however, involve situations where an entirely new legal argument was presented for the first time on appeal. RMH does not provide authority for the proposition that arguments on appeal are waived for failure to submit a trial brief or a transcript when the record otherwise shows that the issues were before the trial court.

Here, the issue presented to the trial court was whether the countercomplaint stated a cause of action. The Havrileskos responded to the dismissal with a motion to reconsider, alleging that the countercomplaint was sufficient. In the alternative, they requested an interlocutory appeal. The trial court allowed the appeal and specifically

certified the issues. Further, the trial brief filed by RMH reflects that the issues it presented in support of dismissal are the same as those raised on appeal. Therefore, the record shows that the issues on appeal were presented to the trial court, and there is no indication that new issues are presented on appeal. Accordingly, we address the merits of the appeal.

### B. The Consumer Fraud Act

The Havrileskos attempted to allege four instances or types of violations under the Act: (1) concealment of facts about the charges and billing practices; (2) misrepresentation about a secondary carrier; (3) charges for services not received; and (4) excessive charges.

A section 2--615 motion attacks the legal sufficiency of a complaint, which is properly dismissed if it fails to state a cause of action upon which relief can be granted. Oliveira v. Amoco Oil Co., 201 Ill. 2d 134, 147-48 (2002). To determine whether a complaint states a cause of action, its allegations are construed in the light most favorable to the plaintiff, and all well-pleaded facts and reasonable inferences drawn from those facts are accepted as true. Oliveira, 201 Ill. 2d at 147. If, however, after any legal and factual conclusions are disregarded, the complaint does not allege sufficient facts to state a cause of action, the motion to dismiss should be granted. Lake County Grading Co. of Libertyville, Inc. v. Advance Mechanical Contractors, Inc., 275 Ill. App. 3d 452, 457 (1995). Our review is de novo, and we may affirm the dismissal of a claim for the failure to state a cause of action on any legally valid basis appearing in the record. Andrews v. Powell, 365 Ill. App. 3d 513, 518 (2006); Lake County, 275 Ill. App. 3d at 457.

The Act is a regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices. Robinson v. Toyota Motor Credit Corp., 201 Ill. 2d 403, 416-17 (2002). It eliminated many of the common-law fraud elements, creating a new cause of action that affords consumers broad protection. See Miller v. William Chevrolet/Geo, Inc., 326 Ill. App. 3d 642, 654 (2001). It is to be liberally construed to effect its purposes. See Connick v. Suzuki Motor Co., 174 Ill. 2d 482, 503 (1996).

The Act provides:

"Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact *** in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2 (West 2004).

The elements of a private cause of action for damages based on a violation of the Act are: (1) a deceptive act or practice; (2) intent by the defendant that the plaintiff rely on the deception; (3) the deception occurred in the course of conduct involving trade or commerce; and (4) the plaintiff's injury was proximately caused by the fraud complained of. Zekman v. Direct American Marketers, Inc., 182 Ill. 2d 359, 373 (1998); see also Connick, 174 Ill. 2d at 501.

A plaintiff may recover under the Act for unfair as well as deceptive conduct. Crichton v. Golden Rule Insurance Co., 358 Ill. App. 3d 1137, 1146 (2005). Thus, a

practice can be unfair without being deceptive. People ex rel. Hartigan v. Knecht Services, Inc., 216 Ill. App. 3d 843, 853 (1991). Generally, issues involving concealment of facts are treated as deceptive conduct cases. See, e.g., Connick, 174 Ill. 2d 482; Pappas v. Pella Corp., 363 Ill. App. 3d 795 (2006); Miller, 326 Ill. App. 3d 642; Totz v. Continental Du Page Acura, 236 Ill. App. 3d 891 (1992). Issues involving excessive fees are generally treated as unfairness cases. See, e.g., Crichton, 358 Ill. App. 3d 1137; Saunders v. Michigan Avenue National Bank, 278 Ill. App. 3d 307 (1996).

### 1. Concealment of Charges and Billing Practices

The Havrileskos alleged that RMH concealed the amount of its fees and information about its billing practices. RMH contends that it did not have a duty to disclose the information and that failure to disclose such information does not amount to a deceptive practice.

Our supreme court has held that an omission or concealment of a material fact in the conduct of trade or commerce constitutes consumer fraud. Connick, 174 Ill. 2d at 504. A material fact exists where a consumer would have acted differently knowing the information, or if it concerned the type of information upon which a consumer would be expected to rely in making a purchasing decision. See Connick, 174 Ill. 2d at 505. A violation of the Act must be pled with the same particularity and specificity required in a common-law fraud claim. Connick, 174 Ill. 2d at 501. However, it is unnecessary to plead a common-law duty to disclose in order to state a valid claim of consumer fraud based on an omission or concealment. Connick, 174 Ill. 2d at 505; Miller, 326 Ill. App. 3d at 658. Nor must the defendant have intended to deceive the plaintiff; innocent misrepresentations

or material omissions intended to induce the plaintiff's reliance are actionable. Miller, 326 Ill. App. 3d at 658. Yet, the Act must not be used to transform nondeceptive and nonfraudulent omissions into actionable affirmations. Miller, 326 Ill. App. 3d at 658. Thus, for a material omission to be actionable, the plaintiff must establish that the fact concealed was known to the defendant at the time of the concealment. Miller, 326 Ill. App. 3d at 658.

As one court has explained, "an action for fraudulent concealment logically demands that defendants have prior knowledge of the information that they are alleged to have suppressed." Miller, 326 Ill. App. 3d at 658. For example, regardless of a duty to disclose, the failure of a used car dealer to disclose a known defect or negative history of a vehicle is actionable under the Act. See, e.g., Connick, 174 Ill. 2d 482; Totz, 236 Ill. App. 3d 891; Perona v. Volkswagen of America, Inc., 292 Ill. App. 3d 59 (1997); see also Pappas, 363 Ill. App. 3d 795 (failure to disclose known defects in windows).

In Connick, the plaintiffs alleged that dealers concealed the fact that Suzuki Samari vehicles were unsafe because of an excessive rollover risk. The court held that the plaintiffs adequately pled a consumer fraud violation because Suzuki was aware of the safety problems and failed to disclose the problems to buyers. Connick, 174 Ill. 2d at 505. Likewise, in Totz, a car dealer knew that a vehicle had been previously damaged in an accident but did not disclose that information to the buyer. After examining the elements of a claim under the Act, the court noted that the failure to disclose a known fact indicated the intent to induce reliance on the omission. Totz, 236 Ill. App. 3d at 903.

Here, the Havrileskos alleged that RMH concealed: (1) the established rates for the services; (2) that it would not agree to accept payment in the amount of usual and

customary charges in the industry; (3) that it would require the Havrileskos to pay the difference between what the insurance carrier would pay and the amount charged; and (4) that the charges were far in excess of the reasonable and customary charges for comparable services in the Rockford community. RMH incorrectly argues that those allegations are not actionable because there was no duty to disclose. The law does not require a duty. However, those allegations were properly dismissed.

First, the allegations do not include facts pertaining to knowledge. Even if we assume that their assertions are true, the Havrileskos did not plead that, when the services were rendered, RMH knew: (1) what other area hospitals charged for the same services; (2) that its rates were greater than the usual and customary charges in the industry; or (3) that the Havrileskos' insurance carrier would not fully cover the charges. While a showing of intent to deceive is not required, intent to induce reliance on the omission of facts is required. Absent knowledge of the facts omitted, there could be no intent to induce reliance on the omission. Accordingly, we determine that the Havrileskos failed to allege that RMH deceptively concealed facts regarding charges and billing practices, because they did not allege that RMH had knowledge of the facts allegedly omitted.

With respect to the remaining allegation, that RMH failed to disclose its own charges before providing treatment, we are skeptical that the mere failure of a hospital to volunteer its rates is actionable. The Havrileskos do not offer any developed, cogent argument or cite authority for the proposition that the failure to volunteer service costs amounts to a deceptive practice under the Act. "Mere contentions, without argument or citations of authority, do not merit consideration on appeal." McCleary v. Board of Fire &

Police Commissioners, 251 Ill. App. 3d 988, 995 (1993). Even viewing the allegation in the Havrileskos' favor, we are given no basis for construing the omission as deceptive. The bald assertion of deception is insufficient to state a claim; the deceptive manner of the omission must be stated with specificity and particularity. Robinson, 201 Ill. 2d at 419, 421. Thus, we conclude that the Havrileskos failed to allege that RMH engaged in deception by not volunteering its rates before treatment.

### 2. Misrepresentation About Secondary Carrier

The Havrileskos alleged that RMH misrepresented that they had a secondary carrier, but they failed to allege that RMH knew that there was no secondary carrier when it mentioned one in its letter. Further, the Havrileskos have not alleged how the letter's incorrect mention of a secondary carrier caused damages. A valid claim under the Act must show that the alleged consumer fraud proximately caused the plaintiff's injury. See Connick, 174 Ill. 2d at 501. Without such specificity and particularity, the complaint failed to state a cause of action based on RMH's erroneous mention of a secondary carrier.

### 3. Charges For Services Not Received

The Havrileskos alleged that they were billed for services that they did not receive. However, they did not allege any details to support that bare assertion, including what those services were. They argue that their bare allegation is sufficient because they can support it with discovery. But to state a claim under the Act, a complaint must state with particularity and specificity the deceptive manner of the defendant's acts and practices, and the failure to make such averments requires dismissal of the complaint. Robinson, 201 Ill. 2d at 419.

Here, the Havrileskos provided only the conclusory statement that "upon information and belief," they were billed for services they did not receive. They did not allege facts regarding where they obtained that "information and belief." Further, despite the Havrileskos' arguments concerning the need for discovery, the record contains a Supreme Court Rule 222(d) disclosure statement that lists the procedures for which the Havrileskos were billed. Official Reports Advance Sheet No. 8 (April 17, 2002), R. 222(d), eff. July 1, 2002. Yet, they do not allege which services on that list they did not receive. Under these circumstances, the Havrileskos' allegation that services were not received is insufficient to state a cause of action under the Act.

### 4. Excessive Charges

The Havrileskos focus their appellate brief on the argument that the omissions were deceptive practices. They do not argue that the omissions were also unfair. RMH, however, relies heavily on an argument involving unfair practices--that unconscionably high prices cannot support a claim under the Act. We observe that the Havrileskos' countercomplaint appeared to contemplate actions for deceptive acts and unfair practices by attempting to assert multiple claims under the Act. The trial court also appeared to contemplate multiple claims. Therefore, regarding excessive charges, we address whether the Havrileskos stated an unfair practices cause of action.

Charging unconscionably high prices is not, by itself, unfair within the meaning of the Act. See, e.g., Robinson, 201 Ill. 2d at 418; Saunders, 278 Ill. App. 3d at 313. To constitute an unfair practice, the defendant's conduct must violate public policy, be so oppressive that it leaves the consumer with little alternative except to submit to it, and

injure the consumer. <u>Crichton</u>, 358 Ill. App. 3d at 1146. Where there were virtually no services rendered, the plaintiffs were charged for services not rendered, or intimidation was used to collect payment, the act of charging excessive prices has been actionable. See <u>Hartigan</u>, 216 Ill. App. 3d at 856; <u>People ex rel. Fahner v. Hedrich</u>, 108 Ill. App. 3d 83, 90 (1982). Where it is alleged that the failure to disclose prices is unfair, the plaintiffs must describe how the lack of disclosure is oppressive or violates public policy. Without such a description, the complaint fails to state a cause of action. See generally <u>Robinson</u>, 201 Ill. 2d at 419; <u>Saunders</u>, 278 Ill. App. 3d at 313-14.

Here, the Havrileskos have alleged only that the charges were excessive. In order to state an unfair practice under the Act, they were required to allege more. Although an allegation that services were not received combined with an allegation of excessive charges could state a claim, the Havrileskos' allegations failed to provide the required specificity. Accordingly, they failed to state a cause of action based on excessive charges.

Because the Havrileskos failed to allege knowledge on the part of RMH about the facts omitted, failed to provide facts about services not received, and failed to allege an unfair practice with specificity, they failed to plead a cause of action under the Act. Therefore, the court correctly dismissed their countercomplaint.

### C. Class Action

The Havrileskos argue that they sufficiently pled facts to establish a class action. Because they failed to state a cause of action, any claims for a class action also fail. See <u>Weiss v. Waterhouse Securities, Inc.</u>, 208 Ill. 2d 439, 449-50 (2004).

### III. CONCLUSION

For the foregoing reasons, we affirm.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

 BOWMAN and BYRNE, JJ., concur.